UNITED STATES v. SAUNDERS, Collector, et al.

(District Court, D. Washington, N. D. December 1, 1899.)

CUSTOMS DISTRICTS—COMPENSATION OF COLLECTOR—CHANGE IN STATUTE.
    Act Aug. 28, 1890 (26 Stat. c. 814), "to reorganize and establish the customs collection district of Puget Sound," not only by its title, but also by its provisions, shows the intention of congress to make a complete revision of the law relating to the organization of such district; and sec-

tion 3, fixing the compensation of the collector at a salary of $3,500 per annum, supersedes and repeals Rev. St. § 2670, on the same subject, including the provision permitting the collector to retain fees to the amount of $2,000 in addition to his salary.

These are actions by the United States to recover fees collected by defendant James C. Saunders as collector of customs for the district of Puget Sound. On demurrer to answer.

C. E. Claypool, Asst. U. S. Atty.
A. W. Buddress, for defendants.

HANFORD, District Judge. The question argued upon the demurrer to the defendants' answer relates to the right of the collector of customs for the district of Puget Sound to retain, as part of his official compensation, fees to the amount of $2,000 per annum, in addition to his salary of $3,500 per annum.

Section 2670, Rev. St., reads as follows:

"The collector for the district of Puget Sound shall receive a salary of one thousand dollars a year, with additional maximum compensation of two thousand dollars a year, when the official emoluments and fees provided by existing laws amount to that sum."

In the year 1890 congress passed an act entitled "An act to reorganize and establish the customs collection district of Puget Sound." The third section of this act is as follows:

"Sec. 3. That the salary of the collector of customs for the district of Puget Sound shall be three thousand five hundred dollars per annum and that of the deputy collector at Tacoma and Seattle each two thousand dollars per annum."

And the fourth section of the act repeals all acts and parts of acts in conflict with its provisions. 26 Stat. 363.

Certainly section 3 of the act of 1890, and section 2670, Rev. St., are in conflict with each other; and the latter is therefore repealed in its entirety, unless its provisions are divisible, so that one part may be retained, and have force as an independent statute. When an attempt is made to divide section 2670, it must be borne in mind that congress has not passed an act to amend that section, but a part, if not the whole, of it has been repealed, and no longer exists for any purpose, even to give aid and support to any part not repealed. Now, if we take a pair of scissors, and cut out of section 2670 the part that is clearly and necessarily inconsistent with the act of 1890, we must necessarily take out all of the section from the beginning of it to the first comma, and the part remaining is so unintelligible as to be ineffective for any purpose. To make my meaning plainer, I hold that the following words found in section 2670, viz.: "The collector for the district of Puget Sound shall receive a salary of one thousand dollars a year,"—are certainly repealed and expunged entirely; and it is obvious that the remaining part of the section is not a complete sentence, and is meaningless. I consider, also, that the title of the act of 1890, as well as the context, shows that congress intended to make a complete revision of the law relating to the organization of the customs district of Puget Sound. Statutes which are clearly intended to be a full and complete declaration of the legislative will on

any particular subject have the effect to repeal all prior statutes covering the same ground which are not incorporated into the new act. U. S. v. Claflin, 97 U. S. 546, 24 L. Ed. 1082.  Demurrer sustained.