## SAUNDERS v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.   March 3, 1902.)

No. 627.

CUSTOMS DISTRICTS—COMPENSATION OF COLLECTOR—CHANGE IN STATUTE.
    Act Aug. 28, 1890 (26 Stat. 363, c. 814), "to reorganize and establish
    the customs collection district of Puget Sound," not only by its title, but
    also by its provisions, shows the intention of congress to make a com-
    plete revision of the law relating to the organization of such district;
    and section 3, fixing the compensation of the collector at a salary of
    $3,500 per annum, supersedes and repeals Rev. St. § 2670, on the same
    subject, including the provision permitting the collector to retain fees
    to the amount of $2,000 in addition to his salary.

In Error to the District Court of the United States for the Northern
Division of the District of Washington.

Wallace McCamant, for plaintiff in error.
Wilson R. Gay, U. S. Atty.

Before McKENNA, Circuit Justice, and GILBERT and ROSS,
Circuit Judges.

McKENNA, Circuit Justice.   This is an action upon the official
bond of James C. Saunders, given as collector of customs for the dis-
trict of Puget Sound, in the state of Washington.   Saunders was col-
lector from the 13th of September, 1893, to August 31, 1897.   The
complaint alleged the receipt by Saunders, as collector, of various sums
of money between certain specified dates, amounting in all to the sum
of $3,869.51, for which judgment was prayed.   A demurrer was filed to
the complaint, and overruled, and the defendants answered, denying
certain of the allegations of the complaint, and set up an affirmative
defense and counterclaim.   The contention of the parties turns upon
the counterclaim.   It set out in detail the salary and emoluments
which Saunders claimed under the statutes of the United States, which
were summarized in the third paragraph of the answer as follows:

"That plaintiff, in adjusting the accounts with said collector of customs,
allowed to defendant, as such collector, for all his official services, and for
all his salary, compensation, emoluments, fees, rents, and storage, per-
centages, and allowances, the following sums or amounts, and no more:
For the year ending June 30, 1894, $5,500; for the year ending June 30, 1895,
$5,500; for the year ending June 30, 1896, $4,033.25; for the year ending
June 30, 1897, $3,606.50; for said period commencing July 1, 1897, ending
August 31st, $598.10; and that plaintiff refused to pay or allow defendant as
such collector of customs any more than stated in this third paragraph, and
wrongfully rejected and disallowed from the sums or amounts herein
claimed and retained the following sums or amounts, to wit:   For the year
ending June 30, 1894, $500; for the year ending June 30, 1895, $500; for the
year ending June 30, 1896, $1,966.75; for the year ending June 30. 1897,
$2,000; for the said period ending August 31, 1897, $337.   Total amount so
wrongfully rejected and disallowed by plaintiff as aforesaid during the entire
official period of defendant as such collector of customs, the sum of $5,-
303.75; and that said sum of $5,303.75, so wrongfully rejected and disallowed
by plaintiff, should be credited to the account of defendant as such collector;
and that, if this credit and claim of defendant be allowed and sustained,
there would be nothing due to plaintiff from said defendant for anything
whatever."

The United States demurred to the counterclaim, and the defendant Saunders (plaintiff in error) made a motion for judgment on the pleadings. The motion was denied, and the demurrer was sustained, and judgment entered for the United States. 98 Fed. 196. This writ of error was then sued out.

The contention of plaintiff in error is that he was entitled under the law to a compensation of $6,000 per annum, made up as follows:

"(1) A salary of $3,500 per annum: (2) fees and emoluments, under sections 2654 and 2659 of the Revised Statutes, not exceeding $2,000 per annum; (3) moneys earned by him for rent and storage in the public stores, not exceeding $2,000 per annum."

His construction of the statutes, he claims, was acquiesced in by the treasury department until he came to surrender his office. At that time the treasury department changed its view of sections 2654 and 2659 of the Revised Statutes of the United States, and disallowed items in his account aggregating the sum of $5,303.75. The question in the case, therefore, is whether he was entitled only to his salary, or to that and the fees and emoluments provided for in sections 2654 and 2659 of the Revised Statutes.

Section 2670 of the Revised Statutes of the United States reads as follows:

"The collector for the district of Puget Sound shall receive a salary of one thousand dollars a year, with additional maximum compensation of two thousand dollars a year, when the official emoluments and fees provided by existing laws amount to the sum."

This section was a reproduction of an act of congress passed in 1851. In that act, and in its reproduction in the Revised Statutes, there is a clear expression of the compensation of the collector. It is a salary of $1,000, with an addition of fees not exceeding $2,000,—a possible $3,000 in all. It may be conceded that that compensation was in accordance with the history of the legislation on the subject and the practice of the government, but a change was made in the words of the statute in 1890, and the effect of that change is the immediate question to be considered.

In the year 1890, congress passed an act entitled "An act to reorganize and establish the customs collection district of Puget Sound." The third and fourth sections of this act are as follows:

"Sec. 3. That the salary of the collector of customs for the district of Puget Sound shall be three thousand five hundred dollars per annum, and that of the deputy collector at Tacoma and Seattle each two thousand dollars per annum.

"Sec. 4. That all acts or parts of acts in conflict with the provisions of this act are hereby repealed." (26 Stat. 363.)

Can this act subsist with section 2670 of the Revised Statutes? In answering in the negative we are not unmindful of the rule invoked by plaintiff in error that repeals by implication are not favored. But two acts need not be in express terms repugnant for one to work a repeal of the other. The latter act may be intended as a substitute for the prior act, and will hence operate as a repeal of that act. Milling Co. v. Gardner, 173 U. S. 123, 19 Sup. Ct. 327, 43 L. Ed. 637.

The relation of the act of 1890 and section 2670 of the Revised Statutes was expressed by Judge Handford in passing on the demurrer to the counterclaim:

"Certainly," he said, "section 3 of the act of 1890, and section 2670, Rev. St., are in conflict with each other, and the latter is therefore repealed in its entirety, unless its provisions are divisible, so that one part may be retained and have force as an independent statute. When an attempt is made to divide section 2670, it must be borne in mind that congress has not passed an act to amend that section, but a part, if not the whole, of it has been repealed, and no longer exists for any purpose, even to give aid and support to any part not repealed. Now, if we take a pair of scissors, and cut out of section 2670 the part which is clearly and necessarily inconsistent with the act of 1890, we must necessarily take out all of the section from the beginning of it to the first comma, and the part remaining is so unintelligible as to be ineffective for any purpose. To make my meaning plainer, I hold that the following words found in section 2670, viz.: 'The collector for the district of Puget Sound shall receive a salary of one thousand dollars a year,' —are certainly repealed and expunged entirely, and it is obvious that the remaining part of the section is not a complete sentence, and is meaningless. I consider, also, that the title of the act of 1890, as well as the context, shows that congress intended to make a complete revision of the law relating to the organization of the customs district of Puget Sound. Statutes which are clearly intended to be a full and complete declaration of the legislative will on any particular subject have the effect to repeal all prior statutes, covering the same ground, which are not incorporated into the new act. U. S. v. Claflin, 97 U. S. 546, 24 L. Ed. 1082."

Judgment affirmed.