# HENRIETTA MINING AND MILLING COMPANY *v.* GARDNER.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 140. Argued January 16, 1899. — Decided February 20, 1899.

The provisions in the Revised Statutes of Arizona of 1887, c. 42, § 3, concerning the commencement of process for attachment, are inconsistent with those concerning the same subject contained in the act of March 6, 1891; and although chapter 42 is not expressly repealed by the act of 1891, it must be held to be repealed by the later act on the principle laid

down in *United States* v. *Tynen*, 11 Wall. 88, 92, that "when there are two acts on the same subject the rule is to give effect to both if possible; but if the two are repugnant in any of their provisions, the latter act without any repealing clause operates, to the extent of the repugnancy, as a repeal of the first."

THE case is stated in the opinion.

*Mr. Frank A. Johnson* for appellant.    *Mr. William H. Barnes* filed a brief for same.

*Mr. S. M. Stockslager* for appellee.    *Mr. George C. Heard* was on his brief.

MR. JUSTICE McKENNA delivered the opinion of the court.

This is an appeal from a judgment of the Supreme Court of the Territory of Arizona, affirming a judgment of the district court of the fourth judicial district, in and for Yavapai County, for $12,332.08 in favor of appellee and against appellant, who was plaintiff in error below. The action was upon an open account and a large number of assigned accounts. An attachment was sued out and the mines and mining property of appellant company were seized. Judgment was rendered by default, and the property attached ordered sold.

The judgment is attacked on two grounds: (1) That there was no personal service on appellant; (2) that the attachment was void because the writ was issued before the issuance of summons.

It is conceded that the appellant is an Illinois corporation, and that there was no personal service upon it. Was the attachment issued in accordance with the statutes of Arizona? If it was not, the judgment must be reversed. *Pennoyer* v. *Neff*, 95 U. S. 714.

The record shows that the complaint was filed December 4, 1894; that on the 24th of that month affidavit and bond for attachment were filed and the writ was issued. The return shows the seizure of the property on the 26th of December, the day summons was issued.

The Revised Statutes of Arizona of 1887, chapter 1 of title IV, provided for attachments and garnishments as follows:

" 40 (Sec. 1). The judges and clerks of the district courts and justices of the peace may issue writs of original attachment returnable to their respective courts, upon the plaintiff, his agent or attorney, making an affidavit in writing, stating one or more of the following grounds:

" 1. That the defendant is justly indebted to the plaintiff, and the amount of the demand; and,

" 2. That the defendant is not a resident of the Territory, or is a foreign corporation, or is acting as such ; or,

" 3. That he is about to remove permanently out of the Territory, and has refused to pay or secure the debt due the plaintiff; or,

" 4. That he secretes himself, so that the ordinary process of law cannot be served on him; or,

" 5. That he has secreted his property, for the purpose of defrauding his creditors; or,

" 6. That he is about to secrete his property for the purpose of defrauding his creditors; or,

" 7. That he is about to remove his property out of the Territory, without leaving sufficient remaining for the payment of his debts; or,

" 8. That he is about to remove his property, or a part thereof, out of the county where the suit is brought, with intent to defraud his creditors; or,

" 9. That he has disposed of his property, in whole or in part, with intent to defraud his creditors; or,

" 10. That he is about to dispose of his property with intent to defraud his creditors; or,

" 11. That he is about to convert his property, or a part thereof, into money, for the purpose of placing it beyond the reach of his creditors; or,

" 12. That the debt is due for property obtained under false pretences.

" 41 (Sec. 2). The affidavit shall further state:

" 1. That the attachment is not sued out for the purpose of injuring or harassing the defendant; and,

" 2. That the plaintiff will probably lose his debt unless such attachment is issued.

" 42 (Sec. 3). No such attachment shall issue until the suit has been duly instituted, but it may be issued in a proper case either at the commencement of the suit or at any time during its progress.

" 43 (Sec. 4). The writ of attachment above provided for may issue, although the plaintiff's debt or demand be not due, and the same proceeding shall be had thereon as in other cases, except that no final judgment shall be rendered against the defendant until such debt or demand shall become due."

Paragraph 649 provides that "all civil suits in courts of record shall be commenced by complaint filed in the office of the clerk of such court." Therefore, if paragraph 42 (section 3) was in force at the time the writ of attachment was issued, to wit, on the 24th of December, 1894, there is no doubt of the validity of the writ. But it is contended that the paragraph was not in force, because, it is claimed, it had been repealed by an act passed by the legislative assembly of the Territory, approved March 6, 1891.

This act is entitled "An act to amend chapter 1, title 4, entitled 'Attachments and garnishments,' Revised Statutes of Arizona, 1887." Section 1 is as follows:

" SECTION 1. Paragraph 40, being section 1, chapter 1, title 4, Revised Statutes of Arizona, 1887, is hereby amended so as to read as follows:

" The plaintiff at the time of issuing the summons, or at any time afterward, may have the property of the defendant attached, as security for the satisfaction of any judgment that may be recovered, unless the defendant gives security to pay such judgment as in this act provided in the following cases :

" First. In an action upon a contract, express or implied, for the direct payment of money where the contract is made or is payable in this Territory, and is not secured by any mortgage or lien upon real or personal property, or any pledge of personal property.

" Second. When any suit be pending for damages, and the

defendant is about to dispose of or remove his property beyond the jurisdiction of the court in which the action is pending, for the purpose of defeating the collection of the judgment.

"Third. In any action upon a contract, express or implied, against the defendant not residing in this Territory or a foreign corporation doing business in this Territory.

"Sec. 2. Paragraph 41, being section 2, chapter 1, title 4, Revised Statutes of Arizona, 1887, is hereby amended so as to read as follows:

"Section 2. The clerk of the court or justice of the peace must issue the writ of attachment upon receiving an affidavit by or on behalf of the plaintiff, showing —

"First. That the defendant is indebted to the plaintiff upon a contract, express or implied, for the direct payment of money, and that such contract was made or is payable in this Territory, and that the payment of the same has not been secured as provided in section 1 of this act, and shall specify the character of the indebtedness, that the same is due to plaintiff over and above all legal set-offs or counter claims, and that demand has been made for the payment of the amount due; or,

"Second. That the defendant is indebted to the plaintiff, stating the amount and character of the debt; that the same is due over and above all legal set-offs and counter claims; and that the defendant is a non-resident of this Territory or is a foreign corporation doing business in this Territory; or,

"Third. That an action is pending between the parties, and that defendant is about to remove his property beyond the jurisdiction of the court to avoid payment of the judgment; and,

"Fourth. That the attachment is not sought for wrongful or malicious purpose, and the action is not prosecuted to hinder or delay any creditor of the defendant.

"Sec. 3. Paragraph 43, being section 4, chapter 1, title 4, Revised Statutes of Arizona, 1887, is hereby repealed.

"Sec. 4. Paragraph 47, being section 8, chapter 1, title 4, Revised Statutes of Arizona, 1887, is hereby amended by

striking out the word 'original' where it occurs in the first line of said section.

"Sec. 5. Paragraph 50, being section 11, chapter 1, title 4, Revised Statutes of Arizona, 1887, is hereby amended by striking out the word 'repleviable' where it occurs in line five of said section.

"Sec. 6. All acts and parts of acts in conflict with this act are hereby repealed, and this act shall take effect and be in force from and after its passage.

"Approved March 6, 1891."

The amending act is more than a revision of the provisions of the statute of 1887: it is a substitute for them. It, however, does not expressly repeal paragraph 42. Does it do so by implication? Expressing the rule of repeal by implication, Mr. Justice Strong, in *Henderson's Tobacco Company*, 11 Wall. 657, said:

"Statutes are indeed sometimes held to be repealed by subsequent enactments, though the latter contain no repealing clauses. This is always the rule when the provisions of the latter acts are repugnant to those of the former, so far as they are repugnant. The enactment of provisions inconsistent with those previously existing manifests a clear intent to abolish the old law. In *United States* v. *Tynen* it was said by Mr. Justice Field, that 'when there are two acts upon the same subject, the rule is to give effect to both, if possible. But if the two are repugnant in any of their provisions the latter act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first; and even where two acts are not, in express terms, repugnant, yet, if the latter act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act.' For this several authorities were cited, some of which have been cited on the present argument. This is, undoubtedly, a sound exposition of the law. But it must be observed that the doctrine asserts no more than that the former statute is impliedly repealed, so far as the provisions of the subsequent statute are repugnant to it, or so far as the latter statute, making new

provisions, is plainly intended as a substitute for it. Where the powers or directions under several acts are such as may well subsist together, an implication of repeal cannot be allowed."

May paragraph 40, as amended, subsist with paragraph 42? Certainly not, if the former prescribes the time when the writ of attachment may be issued, and not the time when it may be levied. Its identical language was section 120 of the Practice Act of California, and was continued as 537 of the Code of Civil Procedure of said State, and was such at the time the act of 1891 of Arizona was passed. When part of the Practice Act, it was construed by the Supreme Court of California in the case of *Low* v. *Henry*, 9 California, 538. Mr. Justice Burnett, speaking for the court, said:

" The twenty-second section of the Practice Act provides that a suit shall be commenced by the filing of a complaint and the issuance of a summons; and the one hundred and twentieth section allows the plaintiff, 'at the time of issuing the summons, or at any time afterwards,' to have the property of the defendants attached. These provisions must be strictly followed, and the attachment, if issued before the summons, is a nullity. *Ex parte Cohen*, 6 California, 318. The issuance of the summons afterwards cannot cure that which was void from the beginning."

Counsel for appellee, however, urges that this decision is explained by the fact that by the California laws a suit was commenced by *filing a complaint* and the *issuance* of a *summons*, and that the decision of the court was that the attachment having been issued before summons was issued, it was issued before the commencement of suit, and hence was void on that ground. We think not. " To have the property of the defendant attached " was construed to mean the issuance of the attachment, and it was held to be a nullity if done before the summons was issued. If, however, ambiguity could arise under the Practice Act and the Code of Civil Procedure as originally passed, it could not arise after the code was amended in 1874, and as it existed at the time of the Arizona enactment of 1891. At that time the issuance of summons

was not the commencement of the action. The amendment of 1874 (Amendment of the Codes 1873–4, 296) provided that "civil actions in the courts of the State are commenced by filing a complaint," (section 405,) and summons may be issued at any time within one year thereafter (section 406). Section 537, which provided for the issuance of an attachment and which was adopted by the Arizona statute, was not changed. Notwithstanding the amendment of 1874, we have been cited to no case reversing or modifying *Low* v. *Henry*, nor is it claimed that the practice did not continue in accordance with the ruling in that case. Indeed, how could there be change? The provisions of the code did not need further interpretation. The procedure was clearly defined. An action was commenced by filing a complaint. Within a year summons might be issued, and when issued the plaintiff might have the property of the defendant attached, that is, have an attachment issued.

The language of paragraph 40, as amended in 1891, having been taken from the California code, it is presumed that it was taken with the meaning it had there, and hence we hold it worked a repeal of paragraph 42 of the Revised Statutes of Arizona of 1887; and the judgment of the Supreme Court of the Territory is

*Reversed and the cause remanded for further proceedings in accordance with this opinion.*