**DOHERTY v. CREMERING et al.**

No. 6954.

Circuit Court of Appeals, Sixth Circuit.

April 17, 1936.

Robert S. Marx, of Cincinnati, Ohio (Dinsmore, Shohl, Sawyer & Dinsmore and Nichols, Morrill, Wood, Marx & Ginter, all of Cincinnati, Ohio, on the brief), for appellant.

E. P. Moulinier and Floyd Williams, both of Cincinnati, Ohio (Peck, Shaffer & Williams and Moulinier, Bettman & Hunt, all of Cincinnati, Ohio, on the brief), for appellees.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appeal from a judgment in an action for damages for failure to deliver certain stocks alleged to have been sold by appellant to appellees. It is not necessary to discuss the merits, because the case is governed by certain procedural features.

Appellees filed a petition in the Court of Common Pleas of Hamilton County, Ohio, against appellant, a resident of New York City, New York, on June 16, 1931. At the same time they filed an affidavit for attachment and garnishment of appellant's bank balance in the First National Bank of Cincinnati. Service on appellant was attempted by leaving a copy of the petition at his usual place of business in Cincinnati. On August 6, 1931, appellant appeared specially, and reserv-

ing the right to question the jurisdiction of the court, moved to quash the service and discharge the attachment. The case was later removed to the federal court, which quashed the service of summons, but overruled the motion to discharge the attachment. On August 11, 1931, appellees filed an affidavit for service by publication, stating that "this cause is one of those mentioned in G.C.O. 11292, in which it is sought by a provisional remedy, to wit: attachment or garnishment, to take and/or appropriate property of the defendant, said defendant being a non-resident of the State of Ohio." On August 15, 1931, the publication of notice was commenced. No new attachment proceedings were instituted after the attachment of June 16, 1931. The service at appellant's place of business was invalid. Lambert v. Sample, 25 Ohio St. 336. Conceding that if a new attachment had been secured this would have been a proper case for publication under Section 11292, General Code of Ohio, [1] the action was not commenced until August 15, 1931. Section 11230, General Code of Ohio.[2]

Under section 11819 of the Ohio Gen. Code, in a civil action for the recovery of money, an attachment, which is an auxiliary proceeding in an action (Seibert v. Switzer, 35 Ohio St. 661), may be obtained against the property of a non-resident defendant "at or after" the commencement of the action. As the attachment was issued on June 16, 1931, and the action was not commenced until August 15, 1931, the attachment did not issue in compliance with the statute. It was void, could not be validated by subsequent commencement of an action, and should have been discharged. Seibert v. Switzer, supra; Henrietta Mining & Milling Co. v. Gardner, 173 U.S. 123, 129, 19 S.Ct. 327, 43 L.Ed. 637.

The case of Bacher v. Shawhan, 41 Ohio St. 271, relied upon by the District Court, is not cited in any subsequent decision of the Ohio court of last resort. It does not overrule Seibert v. Switzer, supra, and neither does it consider the statute requiring that an attachment may be obtained "at or after" the commencement of the action. As the decision does not construe section 11819,

which we consider controlling, and since Seibert v. Switzer specifically interpreted that statute, we think that Bacher v. Shawhan is not in point.

It is conceded that no personal service was secured. The service by publication was based upon a void attachment, and therefore was invalid. No jurisdiction was acquired over the property or over the person of the appellant.

The judgment is reversed.

---

[1] Sec. 11292. "Service may be made by publication in any of the following cases: * * *

"7. In an action in which it is sought by a provisional remedy to take or to appropriate in any way property of the defendant, when the defendant is not a resident of this state or is a foreign corporation or his place of residence can not be ascertained."

[2] Sec. 11230. "When service by publication is proper, the action shall be deemed to be commenced at the date of the first publication, if it be regularly made."