42

## In re VAN DER SCHUUR.
### No. 38722.

District Court, N. D. California, S. D.
Aug. 18, 1937.

G. G. Sanders, of San Francisco, Cal., for petitioner.

M. Miles Dodge and Stanley Johnston, United States Naturalization Examiners, both of San Francisco, Cal.

ST. SURE, District Judge.

Petitioner first entered the United States as an alien seaman in 1921, and again in 1923; thereafter he served on American ships for a period of thirty-six months, obtaining certificates of honorable discharge. He made lawful entry for permanent residence on March 18, 1935, upon which he based his declaration of intention to become a citizen, dated April 11, 1935. On April 30, 1937, he filed his petition for naturalization under section 4, subd. 7, of the Act of June 29, 1906 (34 Stat. 596), as amended (8 U.S.C.A. § 388), which reads in part as follows:

"any alien * * * who has served for three years on board of any vessel of the United States Government, or for three years on board vessels of more than twenty tons' burden * * * which are not foreign vessels, and while still in the service on a reenlistment or reappointment, or with-

in six months after an honorable discharge or separation therefrom, may, on presentation of the required declaration of intention petition for naturalization and may be naturalized without complying with the requirements of residence within the United States and within the county."

In support of his application, petitioner produces discharges for more than three years, obtained from American ships both before and after the date of his lawful entry. His residence and service on American vessels subsequent to lawful entry has been more than two years.

The government concedes that petitioner has complied with all the statutory requirements precedent to admission to citizenship except that of residence, but contends that petitioner must "show full three years' service and required discharges subsequent to lawful entry," citing In re Olsen et al. (D. C.) 18 F.(2d) 425. The decision of this court in Re Olsen et al. was predicated upon then existing law which has since been radically changed by amendment. Therefore the ruling in the case relative to residential requirements for seamen seeking naturalization is no longer authority. The government's contention is also based upon language contained in the amendment of 1918 (40 Stat. 543, § 1; 8 U.S.C.A. § 393), which will be noticed later.

On March 2, 1929, Congress passed an act amending the naturalization laws in important particulars (see U.S.Stats. at Large, vol. 45, part 1, p. 1512). Portions of the act here involved may be found in 8 U.S. C.A. §§ 382 and 388. 8 U.S.C.A. § 382 provides that "No alien shall be admitted to citizenship unless (1) immediately preceding the date of his petition the alien has resided continuously within the United States for at least five years and within the county where the petitioner resided at the time of filing his petition for at least six months, (2) he has resided continuously within the United States from the date of his petition up to the time of his admission to citizenship, and (3) during all the periods referred to in this section he has behaved as a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States." And 8 U.S.C.A. § 388 provides that " * * * any alien * * * who has served for three years on board of any vessel * * * may, on presentation of the required declaration of intention peti-

tion for naturalization and may be naturalized without complying with the requirements of residence within the United States and within the county." It should be borne in mind that all of the codified language quoted in this paragraph is from the original act of 1929, amending subdivision 7 of section 4 of the Naturalization act of 1906.

Congress, by the amendments of 1929, said, in clear and unambiguous language, that any alien of the age of twenty-one years and upwards, who has served for three years on board of any American vessel (as defined in the act), and while still in the service, or within six months after an honorable discharge or separation therefrom, may, on presentation of the required declaration of intention, petition for naturalization and may be naturalized without complying with the requirements of residence.

Nowhere in the naturalization laws is there a provision requiring any term of residence for seamen applying for citizenship, unless it be the two-year period after filing the declaration of intention (8 U.S.C.A. § 379) here complied with, or the residence requirements contained in section 382 above quoted, from which, as we have seen, seamen are specifically exempted by the plain language of 8 U.S.C.A. § 388.

The government relies on the following language contained in the amendment passed in 1918 (8 U.S.C.A. § 393): "* * * except as otherwise herein provided, * * * *the certificate of service showing good conduct, signed * * * by the masters of said vessels, shall be deemed prima facie evidence to satisfy all of the requirements of residence within the United States.*" (Italics supplied.)

Before the amendment of 1929 there was the general requirement of five years' residence for all aliens (section 2170, R.S., 8 U.S.C.A. § 361), and also the provision in subdivision 7 of section 4 (amendment of 1918; 8 U.S.C.A. § 388) which read: "* * * any alien * * * of the age of twenty-one years * * * who has served for three years on board of any vessel of the United States Government, or for three years on board of merchant or fishing vessels of the United States of more than twenty tons burden, and while still in the service on a reenlistment or reappointment, or within six months after an honorable discharge or separation there-

from, * * * may, on presentation of the required declaration of intention petition for naturalization without proof of the required five years' residence within the United States if upon examination * * * it is shown that such residence can not be established." The amendment of 1929 expressly repealed the general requirement for five years' residence and amended so much of the seventh subdivision of section 4 as read "without proof of the required five years' residence within the United States, if upon examination * * * it is shown that such residence can not be established," to read "and may be naturalized without complying with the requirements of residence within the United States and within the county."

It is perfectly plain that the language contained in the amendment of 1918 (8 U.S. C.A. § 393) was intended to operate upon the law as it existed at that time. Its interpretation as a part of the naturalization law caused the judges some difficulty, resulting in two lines of decision: One that the general requirement of five years' residence was universal and could not be dispensed with, and the other that the requirements of residence were satisfied upon presentation of certificates of service for three years. By the amendment of 1929 the ambiguities in the law have been removed. Comparison and analysis of 8 U.S.C.A. §§ 382 and 388, as amended in 1929, with 8 U.S.C.A. § 393, as amended in 1918, so far as the requirement of residence for seamen is concerned, show that the amendment of 1918, when read with that of 1929, neither fits nor makes sense. 8 U.S.C.A. § 393 says that the certificate of service "shall be deemed prima facie evidence to satisfy all of the requirements of residence," and section 388 says that the seaman "may be naturalized without complying with the requirements of residence." The amendment of 1918 is inconsistent with and repugnant to the amendment of 1929. "When there are two acts on the same subject, the rule is to give effect to both, if possible. But, if the two are repugnant in any of their provisions, the latter act, without any repealing clause, operates, to the extent of the repugnancy, as a repeal of the first." Henrietta Min. & Mill. Co. v. Gardner, 173 U.S. 123, 19 S.Ct. 327, 329, 43 L.Ed. 637.

Applying the law to the facts disclosed here, I think that the petition for naturalization should be granted.