**RORICK v. DEVON SYNDICATE, Limited.**

**No. 7609.**

Circuit Court of Appeals, Sixth Circuit.

Jan. 11, 1939.

R. B. Swartzbaugh, of Toledo, Ohio (Fraser, Effler, Shumaker & Winn, of Toledo, Ohio, on the brief), for appellant.

Fred E. Fuller and George D. Welles, both of Toledo, Ohio (Miller, Owen, Otis & Bailly of New York City, Welles, Kelsey & Cobourn, of Toledo, Ohio, Henry J. O'Neill, of New York City, and George D. Welles, Fred E. Fuller, and Fred A. Smith, all of Toledo, Ohio, on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The question for decision involves the validity of an attachment upon the property of a foreign corporation first sued out in an Ohio court and later sought to be perfected after removal of the cause to the United States District Court. The appeal is from an order discharging the attachment and dismissing the action.

The appellant seeking to recover $400,-000 alleged to be due him under a contract for personal services, filed a petition in the State court against Devon Syndicate, Ltd., a Canadian corporation of Quebec, and Paris E. Singer, a resident of Paris, France, as defendants. Concurrently with the filing of his petition he filed an affidavit in attachment and garnishment, subscribed and sworn to by the appellant before D. W. Drennan, a Notary Public and an attorney in the employ of Spitzer-Rorick & Co., a corporation of which the appellant was president. The summons issued for the defendants was returned with the certification that they could not be found. Orders of attachment were returned unsatisfied, but return was made of service of notices of garnishment on the several garnishees, some of whom thereafter disclosed funds or property in their possession belonging to the defendants. On July 27, 1930, a new affidavit in garnishment and attachment was filed, likewise subscribed and sworn to before Drennan, though no new order of attachment issued thereon. The garnishee defendants were, however, again notified of the attachment and garnishment. On October 10, 1930, the appellant filed an affidavit for constructive service. Publication began on October 11th, and following completion the cause was, on December 5, 1930, removed to the United States District Court.

There, on January 26, 1931, the appellee appeared specially and moved for an order quashing the service of summons and dismissing the attachments and garnishments. On May 1st its co-defendant Singer filed an affidavit in support. Singer subsequently died, and the cause was continued against the present appellee alone. On February 17, 1936, the appellant filed in the District Court a supplemental and amended petition substantially identical with his original petition, and a direction to the Clerk to issue an order of attachment and garnishment, to be served upon the identical garnishees already served in the State court proceedings. Concurrently he filed a supplemental affidavit in attachment and garnishment sworn to before a Notary other than Drennan. An order of attachment issued to the Marshal and was returned by him to show service of a copy thereof, together with a garnishment notice upon the several garnishees, whereupon on the same date appellant filed an affidavit for constructive service by publication under the provisions of Ohio General Code, § 11292. On April 11, 1936, the appellee again appearing specially, moved to quash the new summons and to dismiss the second attachment and garnishment.

Upon hearing the court dismissed the attachment upon two main grounds. It held the first two affidavits in support of the writ defective under G.C.Ohio, §§ 11523, 11524, and 11532, the last of which provides, "The officer before whom depositions are taken must not be a relative or attorney of either party, or otherwise interested in the event of the action or proceeding." and that they could not be amended by the supplemental affidavit filed in the United States Court. It also held that the attempted attachment and garnishment based upon the supplemental and amended petition in the District Court was void and of no effect because personal service had not been obtained upon the appellee. It directed that the action might remain pending for the purpose of procuring proper service, but being advised that the plaintiff desired no further time or opportunity for obtaining personal service of process, it ordered the petition and supplemental petition to be stricken from the files.

We give little consideration to the first ground upon which the attachment was quashed. While there is persuasion in the argument that under § 11532 the "attorney of either party" who is precluded from taking the acknowledgment is one who represents one of the parties to the controversy in which the affidavit is to be used, and Drennan represented neither, and that officers "otherwise interested" who are foreclosed by the statute are those only who have some legal, material, and immediate interest in the controversy, yet for reasons presently to be discussed, decision upon this point is unnecessary, and will serve no purpose.

 Under § 11819 of the Ohio General Code, in a civil action for the recovery of money, an attachment may be obtained against the property of a non-resident defendant "at or after" the commencement of the action. We have recently held, Doherty v. Cremering et al., 6 Cir., 83 F.2d 388, in reliance upon Seibert v. Switzer, 35 Ohio St. 661; cf. Henrietta Mining & Milling Co. v. Gardner, 173 U.S. 123, 19 S.Ct. 327, 43 L.Ed. 637, that an attachment issuing before personal service is obtained, or before the beginning of the publication for substituted service provided for by G. C. § 11292, is premature and void. The case of Bacher v. Shawhan, 41 Ohio St. 271, was there considered and held not to overrule the Seibert Case, since it did not construe the statute. We are not persuaded that the present cause, insofar as it involves the timeliness of the attachment in the State court, is to be distinguished from the Cremering Case or that that case was wrongly decided.

 We come then to consider the effectiveness of the appellant's amended and supplemental petition with its accompanying affidavit and attachment in the District Court to create a valid lien on money or property in the hands of the garnishee defendants. It has always been held that an attachment cannot be sued out against the property of a non-resident in a District in which he cannot be sued. When this doctrine was announced defendants could be sued only in Districts of their residence or in which they might be found. Since the attachment is but an incident to a suit, unless the suit can be maintained the attachment must fail. Ex parte Des Moines & Minneapolis Railway Company, 103 U.S. 794, 26 L.Ed. 461. When the statute was amended to permit suits in the Fed-

eral court in the District of the residence of either the plaintiff or the defendant, it was contended that the District Court of the District of the plaintiff's residence now had jurisdiction to attach a defendant's property found therein. The contention was rejected, Big Vein Coal Co. of West Virginia v. Read, 229 U.S. 31, 33 S.Ct. 694, 57 L.Ed. 1053, on the ground that the amendment was not intended to do away with the settled rule, but in order to issue an attachment the defendant must be subject to personal service or voluntarily appear in the action, for if Congress had intended any such radical change it would have been easy to have made provision for that purpose.

The suit in the Big Vein Coal Company Case was, however, begun in the Federal court, and it is the appellant's contention that the rule there announced does not reach a case removed from the court of a state which permits attachments upon substituted service, and that such attachments are permitted by § 36, Judicial Code, and R.S. § 915, being respectively §§ 79 and 726, T. 28 U.S.C.A. The first provides that when any suit shall be removed from a state court to a district court of the United States any attachment in such suit shall hold the goods or estate so attached to answer the final judgment or decree, in the same manner as by law they would have been held to answer the state court judgment or decree. The second provides that in common law causes in the district courts the plaintiff shall be entitled to similar remedies by attachment or other process, against the property of the defendant which are provided by the laws of the State. No decision of the Supreme Court or of a Circuit Court of Appeals has interpreted these sections to permit the Federal court to enforce an attachment not perfected in the state court proceedings, or as setting aside the universally accepted rule that an attachment may not issue in the Federal court until personal service has been had upon the defendant. In the only case to which our attention has been directed, Cleveland & Western Coal Co. v. J. H. Hillman & Sons Co., D.C., 245 F. 200, the late District Judge Westenhaver of the court below held that an attachment will not lie without personal service on the defendant, which is indispensable notwithstanding R.S. § 915, and that a Federal court is without jurisdiction to issue an attachment upon property of defendants not

personally served with summons even if the cause be removed from the court of a state which permits it.

Of import is the language of the court in the Big Vein Coal Company Case, supra, 33 S.Ct. 696: "An attachment is still but an incident to a suit, and * * * unless jurisdiction can be obtained over the defendant, his estate cannot be attached in a Federal court." In Hatcher v. Hendrie & Bolthoff Mfg. & Supply Co., 8 Cir., 133 F. 267, it was pointed out by Circuit Judge, later Mr. Justice Van Devanter, that when an action or suit in a state court is removed into a Circuit Court of the United States the latter takes the case in the condition in which it existed in the state court at the time of the removal; and if a lien or other right has been obtained by either party by any proceeding had in the case prior to the removal, power to protect and enforce that lien or right after removal exists in the Circuit Court in like manner as if it had been obtained by a proceeding in that court. The necessary implication is that where a case is removed from a state court without a valid lien having been obtained therein, there is no jurisdiction to perfect an incomplete lien proceeding when the defendant is not brought within the jurisdiction of the court.

The judgment below is affirmed.