**SCORZA et al. v. DEATHERAGE et al.**
**No. 1180.**

United States District Court
S. D. Missouri, W. D.
Feb. 18, 1953.

252

James H. Keet and B. H. Clampett, Springfield, Mo., for plaintiffs.

Harold T. Lincoln, Wallace N. Springer, Jr., Lincoln, Lincoln, Haseltine & Forehand, Springfield, Mo., for defendants.

REEVES, Chief Judge.

This is a death case. The decedent died on November 6, 1951. An action for his death was commenced on the 15th day of January, 1953.

Section 537.100, RSMo 1949, V.A.M.S. provides that actions of this kind "shall be commenced within one year after the cause of action shall accrue". The cause of action accrued on November 6, 1951, and, as stated, suit was not commenced until January 15, 1953. The plaintiff relies on that portion of said section 537.100 which provides that if, when the cause of action accrues, a non-resident defendant shall be absent from the state "or depart from the state, *so that personal service cannot be had upon such defendant in the state in any such action * * * the time during which such defendant is so absent from the state shall not be deemed or taken as any part of the time limited for the commencement of such action against him"*. (Italics mine.)

The defendants are and were non-residents of the state. However, the decedent's death was occasioned by a motor vehicle collision, and it is particularly provided by Sections of the Missouri Statute relating to Motor Vehicles, § 506.210, RS Mo 1949, V.A.M.S., that "The use and operation of a motor vehicle or trailer in this state on the public highways thereof by a person who is a non-resident of this state shall be deemed (1) An agreement * *" to the effect that in any civil actions and proceedings against such non-resident, the non-resident shall have been deemed to have appointed the Secretary of State of Missouri as his lawful attorney and agent and that service upon the Secretary of State "shall be of the same legal force and validity as if personally served on him in this state." For the purpose of this action, the defendants, therefore, were at all times subject to personal service within the State of Missouri. Plaintiffs rely on the non-resident provision of the statute notwithstanding the fact that personal service was obtained upon the defendants conformable to the Motor Vehicle Act.

It is plaintiffs' contention that they are entitled to the benefits of the non-resident provisions of the statute, and particularly in view of Section 506.280, which treats the provisions of the Motor Vehicle Act as cumulative for service and not designed to repeal other provisions of statutory law.

It is the rule of universal acceptance that statutes may be repealed by implication and this is particularly true where there is inconsistency and repugnancy. The United States Supreme Court, in Henrietta Mining & Milling Co. v. Gardner, 173 U.S. 123, loc. cit. 128, 19 S.Ct. 327, loc. cit. 328, 43 L.Ed. 637, expressed the true rule as follows:

" 'Statutes are indeed sometimes held to be repealed by subsequent enactments, though the latter contain no repealing clauses. This is always the rule when the provisions of the latter acts are repugnant to those of the former, so far as they are repugnant.' "

The court quoted from In re Henderson's Tobacco Company, 11 Wall. 652, 657, 20 L.Ed. 235.

The Missouri statutes are to the same effect. In this case the plaintiff could not obtain service perforce the provisions of the statute and at the same time deny its application. It would follow that the motion to dismiss should be and will be sustained.