SCORZA et al.
v.
DEATHERAGE et al.
No. 14847.

United States Court of Appeals,
Eighth Circuit.
Jan. 6, 1954.
Rehearing Denied Feb. 8, 1954.

James H. Keet, Springfield, Mo. (B. H. Clampett, Springfield, Mo., on the brief), for appellants.

Wallace N. Springer, Jr., Springfield, Mo. (H. T. Lincoln and Lincoln, Lincoln, Haseltine & Forehand, Springfield, Mo., on the brief), for appellees.

Before GARDNER, Chief Judge, and STONE and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

This was an action brought by appellants against appellees to recover damages on account of the death of Ferdinand Scorza by wrongful act of appellees. We shall refer to the parties as they were designated in the trial court. Diversity of citizenship between the plaintiffs and defendants was alleged in the complaint and it was alleged that Ferdinand Scorza, who was the father of the plaintiffs, was on the 1st day of November, 1951, fatally injured as the result of a collision on a public highway in Lawrence County, Missouri, involving an automobile which he was driving and a truck owned by defendant Parkhill Trucking Company and operated at the time in question by defendant Roy Madison Deatherage, who was then in the employ of defendant Parkhill Trucking Company, and that the injuries suffered by Ferdinand Scorza were caused by the negligence of the defendants and that he died therefrom on the 6th day of November, 1951. It was also alleged in the complaint that continuously since the date of the collision inflicting fatal injuries on said Ferdinand Scorza defendants and each of them had been absent from the State of Missouri and that the Parkhill Trucking Company had neither

been authorized to do nor had it done business in the State of Missouri since said time.

Defendants interposed a motion to dismiss the complaint on the ground that it wholly failed to state facts which constituted a cause of action and upon which relief could be had. The motion was sustained, D.C., 110 F.Supp. 251, and from the judgment of dismissal entered plaintiffs prosecute this appeal. In their brief they state that "The sole question presented on this appeal is whether plaintiffs' petition states facts which show that plaintiffs' cause of action is barred by limitation." The so-called death statute of Missouri, Section 537.-100 RSMo 1949, V.A.M.S., reads in part as follows: "Every action instituted by virtue of sections 537.070 to 537.090, 537.110 and 537.260, shall be commenced within one year after the cause of action shall accrue; provided, that if any defendant, whether a resident or nonresident of the state at the time any such cause of action accrues, shall then or thereafter be absent or depart from the state, so that personal service cannot be had upon such defendant in the state in any such action heretofore or hereafter accruing, the time during which such defendant is so absent from the state shall not be deemed or taken as any part of the time limited for the commencement of such action against him; * * *." Service of process was had on the 20th day of January, 1953 by serving the Secretary of State of the state of Missouri pursuant to Missouri's nonresident automobilist statute. The service was not had until after the expiration of more than one year from the date of the death of Ferdinand Scorza and it is the contention of defendants that the action was barred because service of process was not had within the time limited by the death statute. The Missouri nonresident automobilist statute, Section 506.210 RSMo 1949, V.A.M.S., (Laws 1941, p. 435, par. 1), provides in part as follows: "The use and operation of a motor vehicle or trailer in this state on the public highways thereof by a person who is a nonresident of this state shall be deemed (1) An agreement by him that he will be subject to the jurisdiction of the courts of this state over all civil actions and proceedings against him by either a resident or nonresident plaintiff, for damages to person or property, including actions for death, growing or arising out of such use and operation; and (2) An appointment by such nonresident of the secretary of state of Missouri as his lawful attorney and agent upon whom may be served all process in suits pertaining to such actions and proceedings; (3) An agreement by such nonresident that any process in any suit so served shall be the same legal force and validity as if personally served on him in this state." It is the contention of plaintiffs that the statute of limitations was tolled by reason of the fact that defendants were at all times subsequent to the accrual of the cause of action alleged, absent from the State of Missouri and being absent from the State of Missouri it is argued that personal service could not be had upon them. As a matter of law under the facts as alleged the defendants by using the highways of Missouri appointed the Secretary of State as their agent upon whom process might be served with the same legal force and validity as if personally served on them within the state. In fact plaintiffs in commencing this action served the process on the Secretary of State as authorized by this statute and it is conceded that such service is sufficient to authorize the court to enter personal judgment against defendants. It is contended however, that this statute authorizing service upon the Secretary of State is cumulative and that such service is not personal service of process within the meaning of the so-called death statute.

In the final analysis the determinative question is whether service upon the Secretary of State constituted personal service upon the defendants within the purview of the Missouri death statute. The vital quality of personal service that distinguishes it from

constructive or substituted service is that it confers jurisdiction on a court to enter judgment in personam against a defendant so served. In the instant case it is conceded that the service of process which was had on the Secretary of State confers such jurisdiction. The Missouri non-resident automobilist statute provides that one operating a motor vehicle upon the public highways of the state shall be deemed in effect to have appointed the Secretary of State as his agent upon whom process may be served in any action for damage to property or persons, including actions for death, growing out of such operation *with the same legal force and validity as if personally served on him in the state*. This leads us to the inquiry as to whether personal service upon an agent authorized to accept service of process for his principal is personal service upon the principal. The decision of the Supreme Court of Missouri in Peterson v. Kansas City, 324 Mo. 454, 23 S.W.2d 1045, 1047, a case not cited by either party, goes far, we think, toward answering this inquiry. In the Peterson case the court considered the sufficiency of a notice which by law was required to be served personally upon the mayor of the city. The notice in fact was served upon one who had been authorized by the mayor to accept such service. In the course of the opinion it is said, "Appellant finds no fault with the written notice of respondent's intention to claim damages in respect to its form or contents; the point it makes is that the notice was not served on the mayor. The statute provides merely that 'notice shall first have been given in writing to the mayor'; as the manner of service is not prescribed, personal service is required. 20 R.C.L. 343. But 'where notice is actually conveyed to the person to be notified, as by service on a duly accredited agent, this is sufficient.' 20 R.C.L. 356. 'It cannot admit of doubt that a person to be affected by such a notice may expressly authorize an agent to receive such a notice for him, and that delivery of the notice to such an agent would be a delivery to his principal, which would be a personal service, within the meaning of such statute.' Wilson v. [Inhabitants of City of] Trenton, 53 N.J.L. 645, 649, 23 A. 278, 280, 16 L.R.A. 200; see, also, Costello v. Kansas City, 280 Mo. 576, 219 S.W. 386. Nor can there be any doubt but that the receipt and acknowledgment of service of the notice required by said section 8904, R.S. 1919, is a mere administrative detail which the mayor can authorize his secretary, a clerk in his office, or any other suitable agent to perform. Powers v. Kansas City [224 Mo.App. 70] 18 S.W.2d 545. It is plain therefore that, if the city counselor and his assistants were authorized by the mayor to accept and acknowledge service of such notices for him personal service on one of them would be personal service on him." While the Supreme Court has apparently had no occasion to construe the provision of the death statute here involved, it has specifically held that service on an agent authorized to accept such service constitutes personal service upon the principal of that agent. This view we think is sustained by the weight of authority. Arrowood v. McMinn County, 173 Tenn. 562, 121 S.W.2d 566, 119 A.L.R. 855; Kokenge v. Holthaus, 243 Iowa 571, 52 N.W.2d 711; Peters v. Tuell Dairy Co., 250 Ala. 600, 35 So.2d 344; Reed v. Rosenfield, 115 Vt. 76, 51 A.2d 189; Tublitz v. Hirschfeld, 2 Cir., 118 F.2d 29; Nelson v. Richardson, 295 Ill. App. 504, 15 N.E.2d 17; Coombs v. Darling, 116 Conn. 643, 166 A. 70. The statute considered by the Supreme Court of Tennessee in Arrowood v. McMinn County, supra, was strikingly similar to the Missouri death statute. In that case, as in the instant case, service was had upon the Secretary of State while the defendants were nonresidents of and absent from the state of Tennessee. In the course of the opinion it is said [173 Tenn. 562, 121 S.W.2d 567] "It is obvious that under Code, Section 8671 et seq., providing for service on nonresident operators on highways in this State through the Secretary of State,

suit could have been commenced and service had at any time within the limitation of one year. The absence or non-residence of the defendants in no way obstructed or prevented suit against or service upon them. The applicable principle laid down by our decisions is that when the remedy of the suitor is complete and unaffected by the absence of the defendant, when his non-residence does not affect the right to sue, Code, Section 8581 (Act of 1865) providing that 'the time of his absence or residence out of the state shall not be taken as any part of the time limited for the commencement of the action' is without application." We conclude that plaintiffs could at all times subsequent to the accrual of their cause of action have secured personal service of process on the defendants by serving such process upon the Secretary of State of Missouri, and hence, the statute of limitations embodied in the death statute was not tolled. The judgment appealed from is therefore affirmed.