J. R. HAVER, Administrator of the Estate of Daniel M. Haver, Deceased, Appellant,

v.

John Clarence BASSETT, Respondent.

No. 22352.

Kansas City Court of Appeals.

Missouri.

Feb. 6, 1956.

John C. Russell, Kansas City, for appellant.

Richard H. Heilbron, Kansas City, for respondent.

BOUR, Commissioner.

Plaintiff brought suit against John Clarence Bassett, in the circuit court of Daviess county, Missouri, to recover damages for the alleged wrongful death of Daniel Martin Haver. The trial court sustained defendant's motion to dismiss the petition, and a judgment was entered dismissing the cause. From that judgment the plaintiff has appealed. Since the amount sued for was $2,995, this court has appellate jurisdiction. Sec. 3, Art. 5, Const.1945, V.A.M.S.

Plaintiff alleged in his petition that he was the administrator of the estate of Daniel Martin Haver, deceased (hereinafter referred to as Haver), and that defendant was a resident of Knoxville, Iowa. Plaintiff further alleged, in substance, that on October 23, 1953, Haver sustained injuries as the result of a collision at the intersection of two public highways in Daviess county, Missouri, involving a truck which was owned and operated by defendant and a truck in which Haver was riding as a passenger; that Haver died on said date as a result of the injuries sustained in the collision; and that Haver's injuries and death were directly and proximately caused by the negligence of defendant, setting out three assignments of negligence. Plaintiff further alleged that at all times mentioned in the petition the defendant "was and now is" a nonresident of Missouri; that defendant had been absent from this state since the date of said collision; and that his last known address was Rural Route 1, Knoxville, Iowa.

Defendant's motion to dismiss was upon the ground that it appeared on the face of the petition that the claim was barred by the one-year statute of limitations, section 537.100 RSMo 1949, V.A.M.S. Plaintiff's claim was based upon section 537.080 of the wrongful death statute. Section 537.-100 reads in part as follows: "Every action instituted by virtue of sections 537.070 to 537.090, * * * shall be commenced within one year after the cause of action shall accrue; provided, that if any defendant, whether a resident or nonresident of the state at the time any such cause of action accrues, *shall then or thereafter be absent or depart from the state, so that personal service cannot be had upon such defendant in the state* in any such action heretofore or hereafter accruing, the time during which such defendant is so absent from the state shall not be deemed or taken as any part of the time limited for the commencement of such action against him". (Italics ours.)

According to the petition, Haver died on October 23, 1953. The suit was instituted on February 23, 1955, and more than a year after the alleged cause of action accrued. Service of process was had on February 25, 1955, by serving the secretary of state of Missouri pursuant to the nonresident motorist statute, sections 506.200 to 506.320 RSMo 1949, V.A.M.S. Section 506.210 reads as follows:

"The use and operation of a motor vehicle or trailer in this state on the public highways thereof by a person who is a nonresident of this state shall be deemed

"(1) An agreement by him that he will be subject to the jurisdiction of the courts of this state over *all civil actions* and proceedings against him by either a resident or nonresident plaintiff, for damages to person or property, *including actions for death,* growing or arising out of such use and operation; and

"(2) An appointment by such nonresident of the secretary of state of Missouri as his lawful attorney and agent upon whom may be served all process in suits pertaining to such actions and proceedings;

"(3) An agreement by such nonresident that any process in any suit so served *shall be of the same legal force and validity as if personally served on him in this state."* (Italics ours.)

Section 506.240, subsection (1) provides that service of process shall be made by delivering a copy of the summons, with a copy of the petition attached, and a fee of $1.00, to the secretary of state of Missouri at his office, or in his absence, to his chief clerk. Subsection (2) of section 506.240 provides that the secretary of state shall immediately mail to the defendant by restricted, registered mail, addressed to the defendant at his last known address, residence or place of abode a notice of such service and a copy of such process and petition. Section 506.270 prescribes the method of proof of the mailing of said notification to the nonresident defendant. Section 506.280 provides that the foregoing provisions relative to service of process in suits against nonresidents are cumulative and in addition to any existing right, remedy, cause of action, and method of procedure.

As stated, the trial court sustained defendant's motion to dismiss and judgment was entered dismissing the cause.

The question presented on this appeal is whether it appears from the face of the petition that plaintiff's claim is barred by the applicable statute of limitations, section 537.100, supra. Plaintiff-appellant contends that the one-year statute of limitations was tolled or suspended because the defendant (according to the petition) was at all times subsequent to the accrual of the cause of action alleged, absent from the state of Missouri, so that *personal service* could not be had upon him. Plaintiff relies heavily upon the phrase in section 537.100, which reads, "so that personal service cannot be had upon such defendant in the state". Defendant contends that under the facts alleged in the petition, he was at all times after the death of plaintiff's intestate amenable to service of process under the provisions of the nonresident motorist statute, and consequently the one-year statute of limitations was not tolled because of the fact that he was absent from the state during that time. In fact the service in this case, as has been stated, was made on the defendant through the secretary of state of Missouri under the nonresident motorist statute, sections 506.210, 506.240. It is conceded that such service is sufficient to authorize the court to render a personal judgment against the defendant. Plaintiff insists, however, that service upon the secretary of state is not personal service within the meaning of section 537.100.

Plaintiff cites six Missouri cases and eighteen cases decided by courts of other states. None of these cases is in point. Defendant relies chiefly upon a federal case. This case will be considered later.

The question presented has never been passed upon by an appellate court of this state. However, our appellate courts have decided analogous questions in construing what is now section 516.200 RSMo 1949, V.A.M.S., a tolling statute which is not applicable to actions for wrongful death. The second clause of section 516.200 provides that if a person who is a resident of this state when a cause of action accrues against him, shall thereafter "depart from and reside out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action." This provision, which is applicable to the ten-year,.

five-year, three-year and two-year statute of limitations, sections 516.110 to 516.140, inclusive, has been construed in connection with the general service statute, section 506.150(1), which authorizes service upon an individual by leaving a copy of the summons and of the petition at his dwelling house or usual place of abode with some person of his family over the age of fifteen years.

Under the second clause of section 516.-200, supra, it has been held that where a resident of this state goes outside of the state with the intention of returning, and while absent from the state maintains a residence in the state where service may be made on a person of his family, the statute of limitations continues to run in his favor notwithstanding his absence. Venuci v. Cademartori, 59 Mo. 352, at page 354, where the court said: "As his place of abode under the law was here, and service of summons there was good at any time, there was nothing to prevent the plaintiff from bringing an action and obtaining a personal judgment (if he recovered) * * *. Under such circumstances we can see no obstacle to the statute running." Accord: Garth v. Robards, 20 Mo. 523. See Miller v. Tyler, 61 Mo. 401; State ex rel. Shipman v. Allen, 132 Mo.App. 98, 111 S.W. 622; Bensley v. Haeberle, 20 Mo.App. 648, 653, where the court said: "It is the fact of absence beyond the reach of process that is important"; Rhodes v. Farish, 16 Mo.App. 430. In the Rhodes case it was held that where a resident departs from the state, leaving no place of abode in the state where service of process may be made, the statute of limitations does not run during his absence. The court said, at page 432: "In determining whether a case is within the exception created by this clause, it is necessary to bear in mind the purpose of the statute, which was that the plaintiff should not lose his right of action by the bar of the statute of limitations, if, during any substantial period of the time during which the statute otherwise would have been running, the defendant had departed from, or resided out of, the state, so that ordinary

legal process, such as would afford a foundation for a personal judgment against the defendant, could not be served upon him." The court pointed out that where, under a statute authorizing service of process by leaving a copy of the summons at the defendant's usual place of abode, with some person of his family, service of process may be made upon the defendant, the period of his absence from the state will not be excluded from the period of limitation under the general statute of limitations. Under such circumstances, the reason for suspending the statute of limitations does not exist. The foregoing Missouri cases are in accord with the weight of authority. 34 Am.Jur., Limitation of Actions, sec. 221, p. 178; Annotation 94 A.L.R. 485, 486, 490. We think the principle announced in these cases applies to the instant case.

Courts of other states are not in agreement as to the effect of a nonresident motorist act upon a provision tolling the statute of limitations during the period of the defendant's absence from the state. The courts have, in a majority of cases, decided in favor of allowing the statute of limitations to run in favor of the nonresident. See 54 C.J.S., Limitations of Actions, § 212 c(2), p. 237; 34 Am.Jur., Limitation of Actions, sec. 221, p. 178; Annotations 94 A.L.R. 485, 119 A.L.R. 859, and 17 A.L.R. 2d 502. Cases so holding are: Scorza v. Deatherage, 8 Cir., 208 F.2d 660, under Missouri statute; Tublitz v. Hirschfeld, 2 Cir., 118 F.2d 29, under Connecticut statute; Peters v. Tuell Dairy Co., 250 Ala. 600, 35 So.2d 344; Coombs v. Darling, 116 Conn. 643, 166 A. 70; Nelson v. Richardson, 295 Ill.App. 504, 15 N.E.2d 17; Kokenge v. Holthaus, 243 Iowa 571, 52 N.W. 2d 711; Busby v. Shafer, S.D., 66 N.W.2d 910; Arrowood v. McMinn County, 173 Tenn. 562, 121 S.W.2d 566, 119 A.L.R. 855; Reed v. Rosenfield, 115 Vt. 76, 51 A.2d 189.

In Scorza v. Deatherage, supra, a federal case cited in defendant's brief, plaintiffs brought suit against two nonresident defendants to recover damages under the wrongful death statute of Missouri, alleging, inter alia, that Ferdinand Scorza, the father of plaintiffs, was fatally injured

as the result of a collision on a public highway in Missouri, involving an automobile which he was driving and a truck owned by one of the defendants and operated at the time in question by the other defendant. The suit was instituted more than a year after the accrual of the cause of action alleged. Service of process was had by serving the secretary of state of Missouri pursuant to the nonresident motorist statute. As we have seen, the one-year statute of limitations, section 537.100, provides that "if any defendant, whether a resident or nonresident of the state at the time any such cause of action accrues, shall then or thereafter be absent or depart from the state, so that personal service cannot be had upon such defendant in the state" the period of such absence shall not be counted in computing the statutory period. Defendants' motion to dismiss the complaint was sustained, D.C., 110 Fed.Supp. 251, and plaintiffs appealed.

The circuit court of appeals said, 208 F.2d at page 661: "In the final analysis the determinative question is whether service upon the Secretary of State constituted personal service upon the defendants within the purview of the Missouri death statute. The vital quality of personal service that distinguishes it from constructive or substituted service is that it confers jurisdiction on a court to enter judgment in personam against a defendant so served. In the instant case it is conceded that the service of process which was had on the Secretary of State confers such jurisdiction. The Missouri non-resident automobilist statute provides that one operating a motor vehicle upon the public highways of the state shall be deemed in effect to have appointed the Secretary of State as his agent upon whom process may be served in any action for damage to property or persons, including actions for death, growing out of such operation *with the same legal force and validity as if personally served on him in the state."*

After stating that in the case of Peterson v. Kansas City, 324 Mo. 454, 23 S.W. 2d 1045, it was held "that service on an agent authorized to accept such service con-

stitutes personal service upon the principal of that agent", the court quoted from the opinion in Arrowood v. McMinn County, supra, as follows, 208 F.2d at page 662: " 'It is obvious that under Code, Section 8671 et seq., providing for service on non-resident operators on highways in this State through the Secretary of State, suit could have been commenced and service had at any time within the limitation of one year. The absence or nonresidence of the defendants in no way obstructed or prevented suit against or service upon them. The applicable principle laid down by our decisions is that when the remedy of the suitor is complete and unaffected by the absence of the defendant, when his nonresidence does not affect the right to sue, Code, Section 8581 (Act of 1865) providing that "the time of his absence or residence out of the state shall not be taken as any part of the time limited for the commencement of the action" is without application.' "

The circuit court of appeals concluded "that plaintiffs could at all times subsequent to the accrual of their cause of action have secured personal service of process on the defendants by serving such process upon the Secretary of State of Missouri, and hence, the statute of limitations embodied in the death statute was not tolled. The judgment appealed from is therefore affirmed."

As indicated, some decisions are to the contrary: Gotheiner v. Lenihan, 25 A.2d 430, 20 N.J.Misc. 119; Maguire v. Yellow Taxi Corp., 253 App.Div. 249, 1 N.Y.S.2d 749, affirmed 278 N.Y. 576, 16 N.E.2d 110; Couts v. Rose, 152 Ohio St. 458, 90 N.E.2d 139, but see Canaday v. Hayden, 80 Ohio App. 1, 74 N.E.2d 635; Bode v. Flynn, 213 Wis. 509, 252 N.W. 284, 94 A.L.R. 480. In some of these cases the courts reasoned that since the nonresident motorist act did not in express terms make any exception to the provision tolling the statute of limitations, the legislature did not intend to remove such cases from the operation of the tolling statute.

■ We agree with the decision of the circuit court of appeals in the case of Scorza v. Deatherage, supra, which is in

accord with the weight of authority. Since it appears on the face of the petition that the cause of action alleged was barred by the one-year statute of limitations, the court did not err in sustaining the motion to dismiss the petition. The judgment dismissing the action should be affirmed, and the commissioner so recommends.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of BOUR, C., is adopted as the opinion of the court.

The judgment is affirmed.

All concur.