**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

3/26/15

**DORIAN E. RAMIREZ, CLERK**
**BY** DTello

ACCEPTED
13-14-00684-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
3/26/2015 2:25:51 PM
DORIAN RAMIREZ
CLERK

CAUSE 13-14-00684-CR

IN THE THIRTEENTH SUPREME JUDICIAL DISTRICT OF TEXAS AT

CORPUS CHRISTI, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
3/26/2015 2:25:51 PM
DORIAN E. RAMIREZ
Clerk

EUGENIO VALDEZ, APPELLANT

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
3/26/2015 2:25:51 PM
DORIAN E. RAMIREZ
Clerk

VS.

THE STATE OF TEXAS

APPELLANT'S AMENDED BRIEF

Trial Cause 14-04-27914-D; Victoria Co. District Court

Submitted by

W. A. (BILL) WHITE
Attorney for Appellant
POB 7422, Victoria, TX 77903
(361) 575-1774 voice & fax
TBN 00788659

NO ORAL ARGUMENT REQUESTED

1

## IDENTITY OF PARTIES

The parties are appellant, Eugenio Valdez, and the State. Appellant was a resident of Victoria County during trial.

Appellant was represented at trial by James Beeler, Attorney at Law, POB 1841, Port Lavaca, TX 77979. Appellant is represented on appeal by W. A. (Bill) White, Attorney at Law, POB 7422, Victoria, Texas 77903.

The State was represented at trial by Jacquelyn Johnson and Johna Stallings, ADAs, of the Victoria County District Attorney's Office, 205 N. Bridge St., Suite 301, Victoria, Texas 77901.

Appellant's counsel anticipates that the State's reply brief will be prepared and filed by Brendan Guy, ADA, Victoria County District Attorney's Office, 205 N. Bridge St., Suite 301, Victoria, Texas 77901 or another attorney at said office's designation.

## TABLE OF CONTENTS

Page

Index of Authorities                                      4

Appellant's Brief                                        5

Statement of the Case and Statement of Facts             5

Issue Presented                                          6

Summary of Argument                                      6

Argument                                                 6

Prayer                                                  10

Certificate of Service                                  11

Certificate of Compliance                               11

INDEX OF AUTHORITIES

Cases                                                              Page

*Jackson v. State,* 287 S.W.2d 346 (Tex.App-Houston 2009)

                                                                    10

CAUSE 13-14-00684-CR
Trial Cause 14-04-27914-D

EUGENIO VALDEZ, Appellant          IN THE THIRTEENTH

VS.          COURT OF APPEALS AT

THE STATE OF TEXAS          CORPUS CHRISTI, TEXAS


APPELLANT'S AMENDED BRIEF

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW APPELLANT, EUGENIO VALDEZ, through counsel of record, W. A. (BILL) WHITE, Attorney at Law, presenting:

STATEMENT OF THE CASE AND STATEMENT OF FACTS

Appellant was indicted by the Victoria County grand jury in April 2014 for aggravated assault. On 11/03/14, jury selection began, with trial on the merits beginning 11/04/14. Appellant pled "not guilty". Appellant's jury convicted him of aggravated assault as alleged in the indictment on 11/05/14, and punishment commenced on 11/06/14 before the same jury. Appellant pled "not true" to two felony enhancement paragraphs alleged in a State's notice of intent.

*Appellant did not testify at either stage of his trial.* After the jury found both enhancement allegations to be true, it assessed punishment at 99 years in prison. The trial judge then sentenced appellant to same. (RR Vol. 5, pp. 67 and 70).

Appellant timely filed notice of appeal.

## ISSUE PRESENTED

THE PROSECUTION IMPORPERLY COMMENTED IN OPENING STATEMENT AT GUILT/INNOCENCE ON APPELLANT'S SUBSEQUENT ELECTION NOT TO TESTIFY

## SUMMARY OF ARGUMENT

During opening statement at the guilt/innocence phase of trial, the State made remarks which, given that appellant later opted not to testify, constituted an improper comment on his exercise of his right to remain silent.

## ARGUMENT

During opening statement at guilt/innocence, the State's prosecutor stated:

6

"January 18, 2014, it's approximately 2:00 in the morning.  The evidence is going to tell a story about three individuals – three individuals covered in blood. *Only two of those three individuals remember what happened* and only one individual is responsible for the entire incident." (RR Vol. 4, p. 12, lines 14-19) (italics added)

Testimony during guilt/innocence established that appellant (Eugenio Valdez aka "Tony"), the complaining witness (Lorenzo Gonzales, Jr.), and a witness named Lisa Lopez, all visited the Coyote Bar as a group in Victoria County, Texas on the date alleged in the indictment.  These are the "three individuals".

While in the bar, an unknown party struck appellant with a pool stick.  Lorenzo and Lisa then tried to drive appellant home, where he could better nurse his wounds.  Inside the car on the way to appellant's home, appellant got angry with Lorenzo because he did not help defend him against the person who hit him with the stick.  Physical combat ensued between the two men,

7

with Lisa witnessing.  During this fight, Lorenzo was cut deeply with a knife and went to a local emergency room (ER).

Testimony further revealed that appellant was intoxicated at the ER.  According to a police officer witness who arrived at the ER to investigate on the night in question, appellant was too intoxicated to be questioned. (RR Vol. 5, p. 151, lines 10-15)

The prosecutor's statement, *"Only two of those three individuals remember what happened …"*, is a clear reference to the complaining witness and to Lisa, the eyewitness to the stabbing.  The implication that the third individual (appellant) did not remember the incident can be construed as a comment on why he would later choose not to testify during guilt/innocence.

Thus, the State asked the jury with these remarks to speculate in advance as to why appellant might elect not to testify later at guilt/innocence, in violation of the court's instructions.  Those instructions in the court's charge state, *"In this case, the defendant has*

*elected not to testify, and you are instructed that you cannot and must not refer to nor allude to that fact throughout your deliberations, nor take it into consideration for any purpose whatsoever as a circumstance against the defendant."* (RR Vol. 4, p. 178, lines 2-7)

In addition, by implying that appellant would not later testify due to an inability to recall the event, the State suggested that appellant was so intoxicated on the night in question that he may have flown into a chemically induced rage and did in fact commit the crime alleged. Thus, the State subtly used appellant's later election not to testify as evidence against him.

While the State obviously could not have foreseen with certainty that appellant would elect silence at guilt/innocence, it gambled he might not, and could later use his inability to speak with police at the ER against him if he did in fact choose to testify (i.e., "How do you remember so well now, Mr. Appellant?").

9

Defense counsel at trial lodged no objection to these remarks.

To preserve error for review, a defendant must timely object to the error during trial.  If the objection is overruled, the defendant has preserved error.  When the objection is sustained, and the defendant desires to preserve argument that the error incurably infected his right to a fair trial, he should request an instruction to disregard and move for a mistrial. *See Jackson v. State,* 287 S.W.3d 346, 353-354 (Tex.App.-Houston [14th Dist.] 2009, *no pet.*).

Regardless, any comment by the State on an accused's right not to testify at trial is plagued with constitutional infirmities.  Applying procedural bars or the harmless error doctrine only encourages similar remarks and arguments in future trials in all Texas counties.  Accordingly, appellate counsel argues in good faith for a change, extension, or modification of existing law in the cause at bar.  The right to remain silent at trial must remain inviolate.

## PRAYER

Appellant prays that conviction be reversed and that this cause be remanded for new trial.

Respectfully submitted,

*/s/ W. A. White*
W. A. (BILL) WHITE
ATTORNEY FOR APPELLANT
POB 7422, Vict., TX 77903
(361) 575-1774 voice/fax
TBN 00788659

## CERTIFICATE OF SERVICE

I certify that a true and correct copy or duplicate original of the foregoing has been provided to Brendan Guy, ADA, Victoria Co. District Attorney's Office, 205 N. Bridge, Suite 301, Victoria, TX 77901 via U.S. mail, facsimile, electronic delivery, or hand-delivery on this the 26th day of March 2015.

*/s/ W. A. White*
W. A. White

## CERTIFICATE OF COMPLIANCE

I certify that this brief contains 1,244 words.

*/s/ W. A. White*
W. A. White