*491
 
 By the Court.
 

 This cause was a malpractice suit filed in the court of common pleas of Henry county, Ohio, and was therefore required to be commenced within one year after the cause of action accrued, under the statute of limitations governing the same. The suit was in fact filed only three days before the period of limitation, and a summons issued the same day, to-wit, February 18, 1926, and service was made by the sheriff and returned and filed by him all on the same day, to-wit, February 18. The service was defectively made, and thereupon, on March 13, 1926, defendant filed motion to quash, which motion was heard April 2, 1926, and sustained. On the same day an alias summons issued, and on April 3d the same was returned by the sheriff showing proper and sufficient service. On April 30th defendant filed another motion to quash the service on the alias summons, and also a motion to dismiss for the reason that the action was barred by the statute of limitations. If the service of the alias summons did not constitute a commencement of the action within the time, it must be conceded that the cause should have been dismissed on the ground of being barred by limitation.
 

 This case involves an interpretation of Section .11231, G-eneral Code, which provides:
 

 “Within the meaning of this chapter, an attempt to commence an action shall be deemed to be equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt be followed by service within sixty days.”
 

 The question before this court is therefore whether the plaintiff diligently endeavored to pro
 
 *492
 
 cure a service within the meaning of that section. The trial court heard the motions to quash and to dismiss on June 26, 1926, and decided the same on August 14, 1926, and ordered that the petition be dismissed on the ground that it was barred by the statute of limitations. The Court of Appeals affirmed that judgment.
 

 No evidence was introduced on the question of plaintiff’s diligence in endeavoring to procure a service, and the trial court must therefore have determined the question of diligence upon the undisputed facts as shown by the record. The ruling of the trial court, as affirmed by the Court of Appeals, is therefore equivalent to declaring as a rule of law that the failure to issue the alias summons earlier than April 2d constituted a want of diligent endeavor. It was a period of 43 days from February 18th to April 2d. On the other hand, the sheriff was not required to make a return upon the original summons until March 1st. In such event only 32 days would have elapsed. The insufficiency of the service upon the original writ was so apparent that the attorney might well have foreseen that the motion to quash would be sustained, and there was apparently no good reason for waiting until the court had ruled upon that motion. On the other hand, it was an orderly course to wait until that service had been set aside before issuing an alias writ.
 

 In argument counsel has cited several former decisions of this court, to-wit,
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 Ambach,
 
 55 Ohio St., 553, 45 N. E., 719, and
 
 McLarren
 
 v.
 
 Myers, Admr.,
 
 87 Ohio St., 88,
 
 *493
 
 100 N. E., 121. In the former case there had been no issue of summons until after the expiration of the statutory limitation. It therefore presents no parallel. The latter case differs from the former only in the fact that the proceeding was one in error. No summons in error was issued until after the expiration of the four months limitation. Neither of those cases is decisive of the instant case, and we cannot see that they throw any particular light upon the question. The case of
 
 Ross, Sheriff,
 
 v.
 
 Willet,
 
 54 Ohio St., 150, 42 N. E., 697, is a parallel case in every way, except that it was a proceeding in error in an appellate court instead of an action in a trial court. The court rendered a
 
 per mriam
 
 opinion in that case and first decided that Section 4988 of the Revised Statutes, now Section 11231, General Code, applies by analogy, and as a second proposition decided that the facts of that case show a compliance with the requirements of the statute. In that case the period of limitation for commencing a proceeding in error was six months. The proceeding was required to be commenced not later than September 7, 1895. The petition in error was in fact filed September 4th, and on the same day a summons in error was issued to the sheriff, who served it the next day, to wit, September 5th. Thereupon a motion was filed to set aside the service, and this was sustained October 22d. On October 23d an alias summons was issued upon which a proper and sufficient service was made. It being therefore shown that the proceeding was filed and the original summons issued within the period of six months, and, a prop
 
 *494
 
 er service having been made “within sixty days,” it was held that the error proceeding was commenced in time. We quote from page 152 (42 N. E., 698), of the opinion:
 

 “We are also of the opinion the plaintiff in error has shown a compliance with the requirements of the statute. He attempted to commence his proceeding in error, by filing his petition and causing a summons to be issued and served, in proper time; the service proved ineffectual, and was set aside, and that was followed promptly by a new writ and valid service within sixty days. True, the ineffectual service was the result of his own mistake, but there are provisions of the Code which were designed to relieve parties from the harsh consequences of mistakes made in proceedings under it, by permitting their timely correction, and those of Section 4988 are of that character.”
 

 The facts in that case being parallel on all points with the facts in the case at bar, the trial court and the Court of Appeals have disregarded the rule declared by this court, and if we should affirm the Court of Appeals in the instant case it would amount to a reversal of the former decision of this court. In the interest of uniformity as well as in the interest of substantial justice the rule declared in
 
 Ross
 
 v.
 
 Willet, supra,
 
 should be affirmed and the judgment of the Court of Appeals in the instant case reversed.
 

 Judgment reversed.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.