CANADAY, APPELLANT, *v*. HAYDEN, APPELLEE.
MILLS, APPELLANT, *v*. HAYDEN, APPELLEE.

(Nos. 4175 and 4176—Decided February 10, 1947.)

*Messrs. Heslip & Gibson,* for appellants.
*Mr. Wm. A. Finn,* for appellee.

CONN, J. These cases come to this court on appeal by plaintiffs on questions of law from judgments entered by the Court of Common Pleas. The first action sought to recover damages for bodily injury and injury to property growing out of a collision between the motor vehicle of plaintiff Canaday, at the time operated by him, and the motor vehicle of the defendant; and the second, to recover damages alleged to have been sustained by plaintiff Mills, who was a passenger riding in Canaday's automobile. The collision occurred on the night of March 10, 1943, on route 20, a highway in Lucas county, Ohio.

The petitions were each filed on May 8, 1945, and summons thereon issued the same day pursuant to Section 6308-1 *et seq.,* General Code, directed to the Secretary of State.

It further appears from the praecipe that defendant is a nonresident and that the last known address of defendant was "1421 W. Front street, Monroe, Mich." The petitions were each subsequently amended by interlineation by adding the following allegation, to wit: "Since the time hereinafter mentioned defendant has been out of the state of Ohio."

The defendant interposed demurrers to the petitions on the ground that it appears on the face of each petition that the causes of action set forth therein did not accrue within two years next prior to the commencement of the actions. The demurrers were sustained and the petitions dismissed, it not appearing that any application was made by plaintiff to plead further.

The petitions did not contain an allegation that the

defendant was a nonresident of the state at the time of the collision, but service of summons was obtained pursuant to statutory authority in cases of this character, wherein it appeared defendant was a nonresident, and the cases were presented here as if the petitions contained appropriate allegations of nonresidence.

The question presented centers on the construction and application of certain related sections of the General Code as follows:

Service upon nonresidents:

Section 6308-1. "Any nonresident of this state, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle, or of having the same operated, within the state of Ohio, or any resident of this state, being the licensed operator or owner of any motor vehicle under the laws of this state, who shall subsequently become a nonresident or shall conceal his whereabouts, shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle within the state of Ohio, make and constitute the Secretary of State of the state of Ohio his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the state of Ohio against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the state in which such motor vehicle is involved."

Limitation of Actions:

Section 11224-1. "An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

Section 11228. "When a cause of action accrues against a person, if he is out of the state, or has ab-

sconded, or conceals himself, the period of limitation for the commencement of the action as provided in this chapter, shall not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought."

It is contended by the plaintiffs in the respective actions that Section 6308-1 *et seq.*, General Code, providing for service on nonresident defendants, are remedial and should be liberally construed and if. the Legislature had intended that a cause of action against a nonresident defendant in an action of this character should be brought within a specific period of time, it would have so provided.

It is further contended that if the action must be brought within the time limited by the provisions of the Code on "limitation of actions," then such provisions of limitation are tolled by the saving clause in Section 11228, General Code.

It is a fundamental rule of statutory construction that statutes which relate to the same subject matter or the same object or purpose to be accomplished are *in pari materia* and are construed together. 37 Ohio Jurisprudence, 599, 602, Sections 332, 333.

However, this doctrine of statutory construction is subject to the intention of the Legislature and the express provisions of the statutes under consideration.

Section 6308-1, General Code, and related sections, providing for substituted service on nonresidents, are found in the Motor Vehicle Act of Ohio. These provisions of the General Code have a limited field of operation and apply to nonresident operators or owners of motor vehicles while operating same within the

state of Ohio. The concept of nonresidence of defendant is a central fact around which the statute is operative.

Cases within the provision of Section 11228, General Code, known as the saving clause, are suspended from the operation of the statutes of limitation. The terms of this statute imply residence of the party defendant against whom a claim is asserted. The language of this statute—such as "if he is out of the state," "has absconded," "while he is so absconded," "if he departs from the state," etc., when or after the cause of action accrues—implies residence of the party against whom the action is brought. Here the concept of residence of the defendant is the central fact and residence of defendant within the state is coincidental with his absence from the state.

In the absence of express provision extending the terms of Section 11228, General Code, to include the limited factual situation defined in Section 6308-1, General Code, it would have no application. In other words, the rule *in pari materia* is not applicable where the terms of the statute are clear and the intention of the Legislature is manifest. 37 Ohio Jurisprudence, 610, Section 336.

It appears that a majority of the states adhere to the rule that general statutes of limitation are not tolled by reason of the nonresidence of defendant or his absence from the state as such, and that the statute continues to run during such nonresidence or absence. 94 A. L. R., 485; 119 A. L. R., 859, and cases cited.

The leading cases holding the contrary or minority view appear to be: *Bode* v. *Flynn,* 213 Wis., 509, 252 N. W., 284, 94 A. L. R., 480; *Maguire* v. *Yellow Taxicab Corp.,* 253 App. Div., 249, 1 N. Y. Supp. (2d), 749; *Gotheiner* v. *Lenihan,* 20 N. J. Misc., 119, 25 A. (2d), 430.

We observe that the provisions of the respective

saving clauses staying the statute of limitations in the states of Wisconsin, New York and New Jersey do not parallel the Ohio statute in one or more particulars. Section 330.30, Wisconsin Statutes; Section 19, Civil Practice Act of New York; Section 2:24-7, Revised Statutes of New Jersey.

The difference in the language of the statutes in those states as compared with the Ohio statute may account in part for the conclusions reached by the courts.

By virtue of the statute providing for substituted service, plaintiffs had the right to bring their actions at any time within two years. Absence from the state would not in any manner prejudice this right and such absence should not suspend the running of the statute.

The object and purpose of the statutes of limitation are to encourage diligence in the enforcement of demands and the speedy adjudication of the rights of parties. They are statutes of repose and are enacted to prevent the assertion of stale claims.

We reach the conclusion that in these cases Section 11228, General Code, does not toll the limitation provided for in Section 11224-1, General Code. This conclusion appears to be consistent with the recognized purpose of the statutes of limitation and the rights of the parties.

*Judgments affirmed.*

STUART and CARPENTER, JJ., concur.