Stewart, J.
 

 Hattie Groschner, in her assignment of errors in the Court of Appeals, claimed that the trial court erred in failing to find that Phyllis M. Heath was estopped to maintain that her promissory note should not be set off against her legacy and devise, in finding that action on the note is barred by the statute of limitations and in failing to give effect to the provisions of Section 10509-186, General Code.
 

 The Court of Appeals found that there was a conflict in the evidence with reference to conduct of Phyllis M. Heath which, it was claimed, estopped her from denying liability on the note, and that the finding of the trial court in favor of Phyllis M. Heath upon that issue is neither against the manifest weight of the evidence nor contrary to law. Since this court does not ordinarily weigh the evidence, the finding of the Court of Appeals in respect to the question of estoppel will not be disturbed.
 

 The real question in the instant case arises under the statutes of limitation of Ohio and Michigan.
 

 Section 11221, General Code of Ohio, reads:
 

 “An action upon a specialty or an agreement, contract or promise in writing shall be brought within fifteen years after the cause thereof accrued.”
 

 Section 11228, General Code, reads:
 

 “When a cause of action accrues against a person, if he is out of the state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in this chapter, shall
 
 *305
 
 not begin to run until he comes into the state or while he is so absconded or concealed. * * * ”
 

 Section 27.605, Michigan Statutes, prescribes a six-year limitation on an action on a promissory note.
 

 Section 11234, General Code, reads:
 

 “If the laws of any state or country where the cause of action arose limits the time for the commencement of the action to a less number of years than do the statutes of this states in like causes of action then said cause of action shall be barred in this state at the expiration of said lesser number of years.”
 

 It is claimed by Phyllis M. Heath that since her promissory note was executed and delivered to the payee in Michigan (although the record is silent as to whether it was delivered there or mailed to the payee in Napoleon, Ohio) the cause of action on the note arose in Michigan.
 

 It is claimed that, as a result of the arising of the cause of action in Michigan, under Section 11234, such right was barred six years after the note became due and, since no action was brought upon the note and the makers were living practically continuously in Michigan during all the time since the cause of action on the note arose, such cause is barred by the Michigan statute of limitations and therefore the amount of the note cannot be set off against the bequest and devise to Phyllis M. Heath.
 

 Hattie Groschner on the other hand contends that, since the note was payable in Ohio, the cause of action thereon arose in this state and was not barred for 15 years after it accrued, and that, although more than 15 years has elapsed since any payment on the note, the 15-year period of limitation did not commence to run for the reason that Phyllis M. Heath and her husband were out of the state continuously and, under Section 11228, the cause of action which accrued against Phyllis M. Heath for nonpayment of the note is not
 
 *306
 
 barred by tbe statute of limitations and tbe amount of the note should therefore be set oft against Phyllis. M. Heath’s bequest and devise.
 

 The solution of the question before us depends upon the meaning of the phrase, “where the cause of action arose,” as it appears in Section 11234, General Code. The courts have differed in their construction of that phrase. Some of them have held that a cause of action arises at the place where the contract was executed, and that, even if it is to be performed in another state, as a matter of legislative intent, a cause of action can arise only at the place where the debtor can be subjected to the jurisdiction of the court.
 

 On the other hand many courts have held that a cause of action arises where the contract upon which the cause of action is based is to be performed or where the breach of it occurs. In 75 A. L. R., 211, there is collected a large number of authorities on both sides of the proposition involved.
 

 In the case of
 
 Drake
 
 v.
 
 Found Treasure Mining Co., 53
 
 F., 474, the court said:
 

 “A note executed in one state, but made payable in another, is, insofar as the remedy of collection is concerned, to be controlled and governed by the laws of the state where the note is made payable.”
 

 The court stated further:
 

 “The note, although executed in California, was made payable in the state of Nevada. The cause of action arose in this state upon the default of defendant to pay the note, and the remedy for the collection of the amount due thereon is to be controlled by the laws of this state, where the contract was to be performed.” See, also,
 
 West, Exrx.,
 
 v.
 
 Theis, 15
 
 Idaho, 167, 96 P., 932, and
 
 McKee
 
 v.
 
 Dodd, Exrx.,
 
 152 Cal., 637, 93 P., 854.
 

 It seems to us that the better reasoned authority and certainly logic support the view that the cause
 
 *307
 
 of action upon the note arose in Ohio. When the note was executed in Michigan and made payable six months after date at Napoleon, Ohio, no cause of action had arisen on it. It must be assumed that it was expected that the note would be paid and therefore there could be no cause of action until there was a default. Where was that default? The Heaths were obligated to pay the note at Napoleon, Ohio. If it was not paid at Napoleon on its due date, a default would occur at Napoleon and a cause of action would arise for the first time because of the default at Napoleon. It seems to us unassailable that the cause of action arose where the default occurred, and therefore the Ohio statute, Section 11221, governs the instant case and an action on the note must be brought within 15 years after the cause thereof accrued.
 

 Phyllis M. Heath contends, however, that, even if the Ohio statute controls, action on the note is still barred for the reason that more than 15 years had elapsed since any payment upon the note, and that Section 11228 is applicable to toll the statute of limitations only if the obligor resided in Ohio when the obligation was assumed and then left the state either before or after the cause of action “accrued.” She argues further that Section 11228, General Code, is not applicable to her since she and her husband were continuously residents in Michigan or in states other than Ohio, from a time before the execution of the note.
 

 She says:
 

 “It is true that Section 11228 applies to a debtor who was a nonresident of Ohio when the cause of action ‘accrued,’ but it is our position that it does not apply when the debtor was a nonresident when the cause of action ‘arose,’
 
 i. e.,
 
 originated.”
 

 Courts have sharply divided upon this proposition. In
 
 Stanley
 
 v.
 
 Stanley, Admr.,
 
 47 Ohio St., 225, 24 N. E., 493, 21 Am. St. Rep., 806, 8 L. R. A., 333, this court
 
 *308
 
 construed Section 4989, Revised Statutes, which is now Section 11228, General Code, and said in the syllabus :
 

 “1. Where a person, who is a nonresident of this state and absent from it when a cause of action accrues against him in favor of another in this state, afterward, and during the period of the limitation, occasionally comes into this state, such presence in the state will not set the statute of limitations to running in his favor, although the plaintiff might, at such times, by the exercise of ordinary diligence, have commenced an action against him.
 

 “2.
 
 Under the provisions of Section 4989, Revised Statutes, presence of the defendant in the state, for the full period of the time limited for bringing an action, either continuously or in the aggregate, is necessary to constitute a bar of the action.”
 

 It is true that in the
 
 Stanley
 
 case, the debtor, before the cause of action accrued, had become a resident of West Virginia and remained continuously absent from this state before and after the accruing of a cause of action against him.
 

 We can see no difference in principle where a debtor is absent from Ohio because of residence in another state, whether that residence began before the execution of the contract upon which a cause of action subsequently arose or whether the nonresidency of Ohio began after the execution of the contract but before a cause of action arose upon it.
 

 Section 11228, General Code, provides:
 

 “When a cause of action accrues against a person, if he is out of the state, * * * the period of limitation for the commencement of the action as provided in this chapter, shall not begin to run until he comes into the state
 
 *
 
 * *.”
 

 Whether the debtor is out of the state because he has left it and gone elsewhere or because he resides
 
 *309
 
 elsewhere, he is still, in the words of the statute, “out of the state.” Under the statute, the period of limitation does not run against his creditor until the debt- or comes within the state.
 

 In her brief, Phyllis M. Heath traces the history of Sections 11228 and 11234, General Code, and cites the case of
 
 Horton
 
 v.
 
 Horner,
 
 16 Ohio, 145, which dealt with the statute which then read:
 

 “That in all actions founded on contract, either express or implied, made between persons resident without this state at the time such contract was made, and which are, or hereafter may be, barred by the laws of the state, country or territory where such contract was made, shall be and continue barred, when brought in any court of this state.”
 

 In the
 
 Horton case
 
 a contract was executed in New York state by an Ohioan, who was there at the time, with a resident of Albany. The question was whether the Albany debtor was entitled to the benefit of the statute, in view of the fact that the other party to the contract was domiciled in Ohio. This court held that the temporary residence of the Ohio man in New York was such as to place the case within the statute. However, it will be observed that the statute applicable in the
 
 Horton case
 
 has not only been radically changed but the present-day statutes have entirely different applications. This court, in two recent cases, has shown its philosophy to be in favor of not barring an action which has accrued to an Ohio citizen unless the statutes of limitation unequivocally require it.
 
 Commonwealth Loan Co., Inc.,
 
 v.
 
 Firestine,
 
 148 Ohio St., 133, 73 N. E. (2d), 501, 172 A. L. R., 993;
 
 Couts
 
 v.
 
 Rose,
 
 152 Ohio St., 458. In fact, the last-mentioned case substantially disapproved the holding in the case of
 
 Canaday
 
 v.
 
 Hayden, supra.
 

 We hold that Section 11221, General Code, is ap.pli cable to the promissory note involved in the in
 
 *310
 
 stant case, that the cause of action thereon was saved under Section 11228, General Code, and that the note should be set off against the bequest and devise to Phyllis M. Heath.
 

 Hattie Groschner contends that, even if action on the promissory note was barred by the statute of limitations, the amount of the note still should be set off against the Heath bequest and devise because of Section 10509-186, General Code, which reads as follows:
 

 “When a beneficiary of an estate is indebted to such estate, the amount of the indebtedness if due, or the present worth of the indebtedness, if not due, may be set off by the executor or administrator against any testate or intestate share of the estate to which such beneficiary is entitled. ’ ’
 

 It is argued that even though a right of action for a debt is barred by a statute of limitations nevertheless the debt itself remains and under the above enactment it may operate as a setoff against any share of an estate to which the debtor may be entitled.
 

 In view of our holding with reference to the statutes of limitation it is not necessary for us to pass upon this further question.
 

 Phyllis M. Heath argues to the effect that, as the case now stands, she, a resident of Michigan, who borrowed money at
 
 7%
 
 interest from an Ohioan who apparently went to Michigan for the purpose of negotiating the loan, having made and delivered a note in Michigan evidencing the loan, is denied the benefit of any statute of limitations on this obligation now nearly 20 years old, although she, the obligor, never did anything whatever to hamper the obligee in the collection of the amount loaned, never moved from the place where she, the obligor, always resided and never did anything to justify the infliction of penalties or forfeitures against her; and that such a situation seems repugnant to elementary principles of justice.
 
 *311
 
 In answer to that argument it may be stated that Phyllis M. Heath borrowed and received the money for which she gave her note and agreed by the terms of the note to repay that money and discharge the note at Napoleon, Ohio. It would seem unjust to have compelled Jeanette E. Scott to bring an action upon the note in Detroit, when she resided in Napoleon and the note provided that she was to be repaid her money at her home. If she did not expect the money evidenced by the note to be repaid to her in Napoleon, she could have destroyed the note- or have forgiven it and discharged Phyllis M. Heath of the obligation to pay it by a provision in the will which was drawn in 1947, many years after the note was executed and while Jeanette E. Scott evidently had it in her possession.
 

 Statutes of limitation are statutes of repose and when they are not applicable it is not unjust that a person who has received full and complete consideration for the making of a contract should be compelled to execute her part of it. There is much to be said for the philosophy of the late President Coolidge who, in support of his insistence that foreign governments make some effort to repay their debts to the United States after World War I, remarked, “They hired the money, didn’t they?”
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Turner and Taft, JJ., concur.