Middleton, J.
The sole issue in this court is whether under the provisions of Section 11228, General Code, service may he had upon Toni Company by way of an attachment proceeding after the lapse of two years following the date of origin of the injury complained of.
The Ohio statutes involved are as follows:
Section 11218. “A civil action, unless a different limitation is prescribed by statute, can be commenced only within the period prescribed in this chapter. When interposed by proper plea by a party to an action mentioned in this chapter, lapse of time shall be a bar thereto as herein provided.”
Section 11224-1. “An action for bodily injury or injuring personal property shall be brought within two year,g after the cause thereof arose.”
Section 11228. “When a cause of action accrues against a person, if he is out of the state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in this chapter, shall not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought.” Section 11230. “An action shall be deemed to be commenced within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him or on a codefendant who is a joint contractor, or otherwise united in interest with him. When service by publication is proper, the action shall be deemed to be commenced at the date of the first publication, if it be regularly made. ’ ’
Section 11279. “A civil action must be commenced by filing in the office of the clerk of the proper court *468 a petition, and causing a summons to be issued thereon.”
It is urged by Toni Company that the provisions of Section 11228 are intended only for the benefit of natural persons and that the word, “persons,” in that . section negatives the applicability of the ‘ ‘ saving clause” to corporations.
The Court of Appeals held that position not well taken, and this court is asked to reverse that decision.
Section 11228, above quoted, is found in Title IV of Part Third, “Eemedial,” of the Ohio General Code. The first section in Part Third (Section 10213), captioned “Interpretation of Words,” applies to Part Third in its entirety and provides:
“In the interpretation of Part Third, unless the context shows that another sense was intended,' the word ‘person’ includes a private corporation * *
Then Section 10214 provides:
“The provisions of Part Third and all proceedings under it, shall be liberally construed, in order to promote its object, and assist the parties in obtaining justice. ’ ’
We find nothing in the chapter entitled “Limitation of Actions,” in which Sections 11224 and 11228 appear, to indicate that the word, “persons,” as used in Section 11228 does not include corporations.
In some sections included within Part Third, where the word, “corporations,” is used, the intent is clear that those sections relate solely to corporations and not to natural persons. Section 11232 is an example.
Likewise, in other sections in Part Third the word, “persons,” is so used as clearly not to include corporations, for example, the provisions with respect to service of summons on persons under disability (Section 10501-24) and provisions with respect to-descent and distribution “when a person dies intestate” (Section 10503-4). Illustration can be multiplied.
*469 The language of Section 11228 does not indicate that “persons” is there used in a restricted sense.
The courts of Ohio have long recognized and followed the practice of construing “persons” as including corporations, where such construction is consistent with the apparent legislative intent. Such construction was applied in Ohio Farmers Ins. Co. v. Hard, Treas. (1898), 59 Ohio St., 248, 255, 52 N. E., 635. There, the question was raised as to whether “person” appearing in Section 2781, Revised Statutes, included an insurance company where that section referred to the duty of a “person” to list and make return of property. Judge Bradbury had no difficulty in concluding that it did include a corporation.
Such construction is in harmony with the general rule stated as follows in 13 American Jurisprudence, 164, Section 9:
“The term ‘person’ prima facie, at common law and apart from any statutory enactment limiting its meaning, includes both natural and artificial persons, and therefore as a general rule includes corporations. ’ ’
The argument of Toni Company that a corporation can not (1) depart from the state, or (2) abscond, or (3) conceal itself is not impressive. Upon slight reflection it is manifest that, through the acts of its officers, a corporation can easily perform any one of those acts. That argument does not, in our judgment, point to any intent of the Legislature to exclude corporations from the term, “persons,” as used in Section 11228.
As to the construction of “persons” we, therefore, agree with the conclusion of the Court of Appeals.
The other proposition urged by Toni Company is that the action here pursued is an action in rem and that, consequently, it can not be initiated after the expiration of the two-year period following the date of origin of the cause of action. This proposition *470 necessitates consideration of the essential characteristics of actions in rem as distinguished from actions in personam.
Actions in rem are usually defined as proceedings against property itself, or as is said, directed primarily against things themselves. Actions in personam are proceedings directed against the person to recover personal judgments. Attachment proceedings are not strictly proceedings in rem, although they have some of the characteristics of such proceedings. See Restatement of the Law of Judgments, 127 et seq.; 3 Freeman on Judgments (5 Ed.), 2849, 3110, 3127, Sections 1378,1517,1523; 2 Black On Judgments (2 Ed.), 1200, 1208, Sections 793, 801.
The instant action is designed primarily to recover a personal judgment against Toni Company and personal service is required to accomplish that result. It is strictly an action in personam. However, under the statutes of Ohio the plaintiff may proceed in attachment to sequester property of such defendant so as to make it available for the payment of any judgment procured. The attachment proceeding is, therefore, only incidental and does not convert the principal case into an action in rem. Restatement of the Law of Judgments, 136. At most the attachment proceeding may be considered as quasi in rem. Decisions holding that the saving clause contained 'in Section 11228 is not operative and that the statute of limitations is not tolled in an action against a nonresident with respect to true actions in rem are not applicable in the instant case. The more narrow question at hand is whether the saving clause of Section 11228 is operative so as to prevent the running of the statute of limitations against the quasi in rem proceeding of attachment, where the property sought to be attached is accounts payable by local merchants to Toni Company arising *471 out of sale of merchandise to such local merchants and which merchants are named in the attachment proceeding as gafnishees.
This subject is exhaustively treated in the annotation (comprising 48 pages) which appears in 119 A. L. R., 331, under the headnote, “Nonresidence or absence of defendant from state as suspending or tolling statute of limitations, where relief is sought, or could have been sought, by an action or proceeding in rem or quasi in rem.”
In that annotation it is conceded that the authorities are not altogether in harmony, but it is stated that the great weight of authority favors the rule that the suspension provisions of the statutes are operative without regard to the character of the action as to being in personam, in rem or quasi in rem. The rule so stated is more sweeping in its effect than this court has so far been willing to sanction.
The following statement appearing in 34 American Jurisprudence, 180, Section 223, is consistent with the rule as stated in 119 A. L. R., supra:
“* * * according to the great weight of authority, provisions suspending the operation of the statute of limitations during the absence or nonresidence of the defendant are applicable although the relief sought might have been obtained during such absence or non-residence against property which he had within the state, or notwithstanding the defendant had property in the state which in his absence or nonresidence might have been reached to satisfy the cause of action otherwise in personam.”
Several decisions of this court merit consideration.
Crandall v. Irwin, 139 Ohio St., 253, 39 N. E. (2d), 608, involved foreclosure of a mechanic’s hen upon real estate after the expiration of six years from the time the hen attached. The court there had under consider *472 ation the effect of the special six-year limitation contained in the lien statute and not the sections of the Code providing for general limitations of actions. The significance of the case, however, is that the court there held that the action to foreclose the mechanic’s lien was an action in rem, that consequently the saving clause contained in Section 11228 did not apply, and that the action to foreclose the lien was required to be instituted within the six-year limitation prescribed in the statute.
At a later date this court decided the case of Commonwealth Loan Co., Inc., v. Firestine, 148 Ohio St., 133, 73 N. E. (2d), 501, in which the plaintiff sought judgment on a promissory note after the expiration of 15 years from the date of the last payment on the note, which in the absence of a saving clause would have barred recovery. The makers of the note had been absent from the state a portion of the 15 years and it was claimed that such absence made operative the saving clause contained in Section 11228. This contention was answered by the argument that the note was cognovit in form containing a power of attorney which permitted confession of judgment even though the makers of the note were not within the jurisdiction. This court held that the warrant of attorney to confess judgment on the note did not create the necessity of taking judgment within the statutory period of limitations, for the reason that the payee was entitled to the benefits of the saving clause contained in Section 11228. That decision clearly indicates this court’s inclination to adopt the majority rule in actions in personam and to apply liberally the saving clause contained in Section 11228.
In the case of Couts v. Rose, 152 Ohio St., 458, 90 N. E. (2d), 139, this court considered a situation where one who was injured in Ohio by an automobile operated *473 by a resident of New York had the right under Section 6308-1, General Code, to bring an action in Ohio against the nonresident at any time after the occurrence of the accident and get service by serving the Secretary of State of Ohio. The question was whether the plaintiff, having such right to bring the action and procure service, must bring that action within the period of the statute of limitations or whether he could rely upon the saving clause of Section 11228 as tolling the statute of limitations and institute an action after the two-year statutory period had run. Again, this court adopted the liberal construction of Section 11228 and permitted the institution of the action after the two-year period had expired.
Although the casé did not raise exactly the same issues as were raised in those above discussed, the same inclination to liberally construe the provisions of Section 11228 is evidenced in Meekison, Admr., v. Groschner, 153 Ohio St., 301, 91 N. E. (2d), 680.
In the instant case we are considering not an action in rem but an action in personam in which the quasi in rem procedure in attachment is incidental. No property of Toni Company is permanently located within the state. The property sought to be attached consists of money due Toni Company on accounts which are not permanent in character. They may exist today and be nonexistent tomorrow. It must also be recognized that, although Toni Company may transact business of such volume that accounts may be constantly due it from merchants in Ohio, other business concerns selling merchandise in Ohio might have only occasional accounts due them. Any construction of the Ohio statutes would be applicable equally to the two concerns. We, therefore, can not be influenced by the volume of business done in Ohio by this defendant or the possible frequent existence of accounts due it from Ohio merchants. It is further to be observed, how *474 ever, that the record does not contain evidence that either merchandise or accounts belonging to this defendant did exist in Ohio prior to the institution of the attachment proceeding herein involved.
We are constrained to hold that the saving clause of Section 11228 is applicable in the present instance, and that the statute of limitations is not, under the. circumstances of this case, a bar to the institution of the attachment proceeding resulting in the garnishment of money due Toni Company from the local merchants named as defendants.
In reaching this conclusion we have given full consideration to the very earnest argument by Toni Company’s counsel as to the consequences of such decision. It is urged that this decision would expose companies dealing with Ohio merchants to attachment and garnishment proceedings for unlimited periods following the origin of an alleged cause of action; that 10, 20 or 50 years after an alleged cause of action arose property or money of the nonresident could be attached in Ohio even though during all that time the nonresidnt had been dealing with Ohio merchants so that the action with the incidental attachment proceeding could have been instituted within the normal period of the statute of limitations. There are at least two answers to that argument: First, the court does not legislate and is governed by the statute which is adopted by the lawmaking body of the state; second, the annoyance, inconvenience or hardship of being subject to potential litigation over a long period of years is no greater with respect to a nonresident corporation dealing in Ohio than with respect to nonresident individuals who choose to remain out of the jurisdiction for long periods of years or with respect to nonresident corporations who do not deal with Ohio merchants over a long period of years but who subsequently come into the *475 jurisdiction or create a situation where attachment proceedings are possible. Furthermore, we deem it unlikely, human nature being such as it is, that any person having a claim against a foreign corporation for injury suffered in Ohio would delay asserting such claim for any great length of time. If and when asserted, the claim would doubtless be thoroughly investigated with promptness so that in the event of future litigation the defendant would not be taken by surprise or be deprived of evidence.
It is our conviction that the Court of Appeals rightly decided the issues and its judgment is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Hart, Zimmerman and Stewart, JJ., concur.
Taft, J., not participating.