Zimmerman, J.
It appears from the records that on March 19, 1953, Carlton Wentz, individually, and Carlton Wentz, individually and as administrator, filed, respectively, two petitions in the Court of Common Pleas of Butler County, Ohio, against T. J. Richardson and Agatha Richardson. In one petition damages are claimed for personal injuries sustained by Wentz in March of 1951 in the state of Florida due to the claimed negligence of the defendants, and in the other damages are asked for the death of Wentz’s wife growing out of the same incident at the same time and place. It is alleged that through the negligence of the defendants, who conducted a tourist court, gas escaped from a heating unit into the room assigned to and occupied by Wentz and his wife, paying guests, whereby Wentz was injured and his wife killed.
The records disclose further that on the date the petitions were filed a summons was issued in each case, directed to the sheriff of Butler County, and that these summonses were returned two days later endorsed, “the said T. J. Richardson and Agatha Richardson not found in my bailiwick.”
Nothing further transpired until September 11, 1954, when *560 alias summonses were issued to the sheriff of Butler County and were promptly served on the defendants personally. Then on October 5,1954, defendants filed motions in each case, one a motion to quash service of summons and the other a motion to dismiss the action for the reason that it is barred by the statute of limitations.
Presented to the Court of Common Pleas and obviously considered by it were stipulations as to certain facts signed by opposing counsel, which stipulations appear among the papers in the cases. However, they do not bear the stamp of the Clerk of the Common Pleas Court, were not referred to in the trial court’s judgment entries and were not brought upon the records by any bills of exception. Under these circumstances we think the Court of Appeals was correct in its unanimous ruling that such stipulations must be ignored.
As has been observed, the trial court sustained the motions to dismiss the actions and the Court of Appeals reversed.
Under Section 11224-1, General Code (Section 2305.10, Revised Code), an action for bodily injury must be brought within two years after the cause thereof arose. Likewise, Section 10509-167, General Code (Section 2125.02, Revised Code), requires that an action for wrongful death be brought within two years of such death. Section 11218, General Code (Section 2305. 03, Revised Code), prescribes generally that a civil action must be commenced within the time prescribed by statute, and that lapse of the time is a bar thereto when interposed by a proper plea of one of the parties. Furthermore, Section 11230, General Code (Section 2305.17, Revised Code), provides that an action is commenced at the date a summons is served on the defendant, and Section 11231, General Code (Section 2305.17, Revised Code), provides that “an attempt to commence an action shall be deemed to be equivalent to its commencement * * * if such attempt is followed by service within 60 days.”
Treating the defendants’ motions to dismiss as special demurrers based on the statute of limitations, plaintiffs, as did the Court of Appeals, rely on Section 11309, General Code (Section 2309.08, Revised Code), which states, among other things, that the defendant may demur to a petition where it appears on its face that “the action was not brought within the time limited *561 for the commencement of such actions,” and on Section 11311, General Code (Section 2309.10, Revised Code), which provides that “when, on the face of a petition, no ground of demurrer appears, the objection may be taken by answer.”
We are of the opinion that these statutory provisions are not exclusive and are not dispositive of the problem presented in the cases before us. We are further of the opinion that, where a petition is challenged by a motion to dismiss on the ground that the cause of action, stated therein is barred by the statute of limitations and the record then before the court clearly shows that the action is so barred, no good or sufficient reason arises to preclude the court from saying so then and there and dismissing the action.
We realize that ordinarily where the bar of the statute does not appear on the face of the petition an answer is required to raise the question, but we think an exception to that rule should be made where the record before the court demonstrates that no summons was served on the defendant until , after the period of limitation had run, and that, therefore, the action brought against him is not maintainable.
It seems to us that a different approach would be conducive to undesirable technicalities and would unnecessarily delay the prompt disposition of litigation. Compare Taylor v. Houston (C. C. A., D. C.), 211 F. (2d), 427, 41 A. L. R. (2d), 724.
In the case of Armbruster, Admr., v. Harrison, 116 Ohio St., 490, 491, 157 N. E., 391, this court said in its per curiam opinion:
“* * * defendant filed another motion to quash the service on the alias summons, and also a motion to dismiss for the reason that the action was barred by the statute of limitations. If the service of the alias summons did not constitute a commencement of the action within the time, it must be conceded that the cause should have been dismissed on the ground of being barred by limitation.”
And in the later case of Couts v. Rose, 152 Ohio St., 458, 90 N. E. (2d), 139, this court appears to have recognized the propriety, impliedly at least, of filing a motion to dismiss the petition, where it is apparent that the action is barred by the statute of limitations.
*562 Compare Russell v. Drake, 164 Ohio St., 520, 523, 132 N. E. (2d), 467, where it is indicated in the opinion that a motion to dismiss is not properly interposed if “the bar of the statute of limitations does not appear on the face of the petition, and the record is complete and regular on its face as to service within the two-year period.”
From the records in these two cases as they stand, it is self-evident that the two-year period of limitation had run before service of summonses was obtained on the defendants. And it seems to us that if any reason existed as to why this was not so, factually or otherwise, it was incumbent on plaintiffs to advance it and make it a cognizable part of the record.
Plaintiffs rely on Section 11228, General Code (Section 2305.15, Revised Code), which provides:
“When a cause of action accrues against a person, if he is out of the state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in this chapter shall not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought.”
Plaintiffs argue that, since the causes of action arose in Florida in March 1951, where the defendants then resided, and since defendants came to Ohio at a later date and were personally served with summonses within two years of their Ohio advent, the saving provisions of the section last quoted apply and the actions were timely commenced.
The difficulty with such contention is that it is contrary to the Ohio decisions which have interpreted this statute. The rule announced by this court in several cases is that Section 11228. General Code (Section 2305.15, Revised Code), contemplates only causes of action which arose in Ohio and does not relate to causes of action which had their inception in foreign jurisdictions. See Stanley v. Stanley, Admr., 47 Ohio St., 225, 24 N. E., 493, 21 Am. St. Rep., 806, 8 L. R. A., 333; Payne v. Kirchwehm, 141 Ohio St., 384, 48 N. E. (2d), 224, 149 A. L. R., 1217; Meekison, Admr., v. Groschner, 153 Ohio St., 301, 91 N. E. (2d), 680, 17 *563 A. L. R. (2d), 495; and compare Adams v. Frank (C. C. A., D. C.), 213 F. (2d), 198. It might be appropriate to add that under subdivisions 4 and 6, respectively, of Section 95.11, Florida Statutes, the limitation in Florida for bringing an action for injuries to the person is four years (Warner v. Ware, 136 Fla., 466, 182 So., 605), and for bringing an action for wrongful death, two years. Compare Section 11234, General Code (Section 2305.20, Revised Code).
Upon the basis of what has been said, the judgments of the Court of Appeals are reversed and those of the Court of Common Pleas affirmed.

Judgments reversed.

Weygandt, C. J., Matthias, Hart, Stewart, Bell and Taft, JJ., concur.