**Helen CHAMBERLAIN, Appellant,**

v.

**Mrs. Roy E. LOWE, formerly Miss Eleanor Joy McHolland, Appellee.**

**No. 13325.**

United States Court of Appeals Sixth Circuit.

Feb. 28, 1958.

---

564

Wilbur C. Jacobs (of Marshall, Melhorn, Bloch & Belt), Toledo, Ohio, for appellant.

Ernest C. Schatz (of Doyle, Lewis & Warner), Toledo, Ohio, for appellee.

Before MILLER and STEWART, Circuit Judges, and MATHES, District Judge.

STEWART, Circuit Judge.

On July 3, 1952, the appellant was injured when an automobile in which she was a passenger collided with a vehicle being operated by the appellee. The appellant was a resident of Ohio, where she has continued to live ever since. The appellee's home was in Detroit, Michigan, and she has remained a resident of that city. The collision occurred in Ohio.

Almost four years later the appellant brought this action against the appellee in the District Court for the Northern District of Ohio, asking damages for her injuries. Service of summons was made upon the appellee through the Secretary of State of Ohio in accordance with the provisions of Ohio Revised Code, § 2703.20.[1] On appellee's motion, the district court dismissed the action because it had not been brought within two years after the cause thereof arose. This appeal followed.

Ohio imposes a two-year limitation period upon actions for personal injuries. Ohio Rev.Code, § 2305.10. However, like most states, Ohio has enacted a "saving clause" which operates to toll any statute of limitations while a potential defendant remains outside the state.[2]

It appears that the appellee was a resident of Michigan continually during the time that elapsed between the collision

1. This method of service is made applicable to an action in a federal district court sitting in Ohio by Rule 4(d) (1) and (7), Fed.Rules Civ.Proc., 28 U.S.C.A.

2. "§ 2305.15 Saving clause. (G.C. § 11228.)
   "When a cause of action accrues against a person, if he is out of the state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, inclusive, and section 1307.08 of the Revised Code, does not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought."

and the filing of the present action. The question here is whether under the Ohio "saving clause" her absence from the state operated to toll the running of the two-year limitation period, despite the fact that the appellant could have brought the action at any time after the collision by virtue of the Ohio statute permitting service upon a nonresident motorist through the Ohio Secretary of State.

Although the district court entered but a bare order of dismissal, it is evident that the court was of the view that the Ohio "saving clause" did not apply to the present case because of the statute permitting substituted service upon the Secretary of State. That view is not without logical justification. It is, moreover, squarely supported by a decision of an Ohio Court of Appeals. Canaday v. Hayden, 1947, 80 Ohio App. 1, 74 N.E.2d 635. It is also consistent with the result reached under similar statutes in other jurisdictions. Coombs v. Darling, 1933, 116 Conn. 643, 166 A. 70; Nelson v. Richardson, 1938, 295 Ill.App. 504, 15 N.E.2d 17; Arrowood v. McMinn Cty., 1938, 173 Tenn. 562, 121 S.W.2d 566, 119 A.L.R. 855.

■ Nonetheless, we are convinced that the present law of Ohio is otherwise, and it is to the law of that state that our search must be confined. Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 110, 65 S.Ct. 1464, 89 L.Ed. 2079; Ragan v. Merchants Transfer Co., 1949, 337 U.S. 530, 69 S. Ct. 1233, 93 L.Ed. 1520. The Ohio Supreme Court's decision in Couts v. Rose, 1952, 152 Ohio St. 458, 90 N.E.2d 139 is the controlling precedent. The syllabus in that case is unequivocal:

"A person injured in an automobile collision occurring in this state is not obliged to institute his action for his injury against a nonresident defendant and secure service through Section 6308–1, General Code, within the time limitation provided by Section 11224–1, General Code, but under favor of the provisions of Section 11228, General Code, he may proceed to institute his action through Section 6308–1, General Code, at any time before the defendant returns to the state." [3]

■ While recognizing the rule that the syllabus of an Ohio Supreme Court decision states the law, the appellee correctly points to the qualification that the syllabus must be read with reference to the facts upon which it was predicated. State of Ohio v. Nickles, 1953, 159 Ohio St. 353, 358–359, 112 N.E.2d 531; Williamson Heater Co. v. Radich, 1934, 128 Ohio St. 124, 190 N.E. 403, Syllabus 1; Baltimore & Ohio Rd. Co. v. Baillie, 1925, 112 Ohio St. 567, 148 N.E. 233, Syllabus 2; see this court's discussion of the Ohio syllabus rule in New York Central R. Co. v. Delich, 6 Cir., 1958, 252 F.2d 522; Baltimore & Ohio R. v. Henery, 6 Cir., 1956, 235 F.2d 770, at page 773; Ford Motor Co. v. Tomlinson, 6 Cir., 1956, 229 F.2d 873, at page 879 (Footnote 3). Despite the syllabus in Couts v. Rose, it is suggested by appellee that there, unlike the present case, the defendant resided in Ohio at the time of the automobile collision which gave rise to the accident, and only later moved to another state. The appellee insists that the Ohio Supreme Court has thus not decided the precise question presented here, and that since the Ohio Court of Appeals for Lucas County did decide this precise question in the earlier case of Canaday v. Hayden, 80 Ohio App. 1, 74 N.E.2d 635, supra, that decision should control disposition of the present case.

Although ingeniously presented, the argument is not persuasive. In the first place, the Ohio Supreme Court's opinion in Couts v. Rose leaves it far from clear whether the defendant there was a nonresident at the time of the automobile collision in Ohio. There is, moreover, no suggestion whatever in the opinion of any distinction arising from the defendant's place of residence at the time of the

---

3. Section 6308–1, General Code, is now Ohio Rev.Code, § 2703.20; Section 11224–1, General Code, is now Ohio Rev.Code, § 2305.10; Section 11228, General Code, is now Ohio Rev.Code, § 2305.15.

collision, such as the appellee would have us draw. Finally, it is significant that the Ohio Supreme Court pointed out that the lower court's decision which it reversed in Couts v. Rose had been based upon Canaday v. Hayden. See 152 Ohio St. 458, at page 459, 90 N.E.2d 139, at page 140.

Any possible doubt as to the breadth of the rule of Couts v. Rose seems, in any event, to have been resolved by the Ohio Supreme Court's later decision in Meekison v. Groschner, 1950, 153 Ohio St. 301, 91 N.E.2d 680, 17 A.L.R.2d 495. That case came to the court upon certification by the lower court that its judgment was in conflict with Canaday v. Hayden. See 153 Ohio St. 301, at pages 303–304, 91 N.E.2d 680, at pages 681–682. In affirming the judgment, the Ohio Supreme Court expressly refused to draw a distinction between a defendant who had never resided in Ohio and one who had left the state only after the cause of action accrued, so far as the applicability of the Ohio "saving clause" is concerned.

The order of dismissal is set aside, and the case is remanded to the district court for further proceedings.