Herbert, J.
Two basic questions of law are interposed by the appellant.
(1) Did the judgment of the Court of Appeals, affirming the judgment of the Court of Common Pleas treating the demurrer as a motion to dismiss, constitute prejudicial error?
(2) Did the Court of Appeals err to the prejudice of the appellant by affirming the judgment of the Court of Common Pleas sustaining the motion to dismiss the petition on the ground that the action was not commenced before the expiration of the period..of the statute of limitations?
The first assignment of error is overruled. The plaintiff did not object to the court treating the demurrer as a motion to dismiss.
The second assignment of error raises again the question as to when an action is commenced as to the plaintiff.
A final and effective answer to this question requires a thorough study of the statutes controlling the commencement of an action and the holdings of this court construing such statutes. These sections of the Revised Code of Ohio are:
Section 2305.10. “An action for bodily injury * * * shall be brought within two years after the cause thereof arose.”
Section 2703.01. “A civil action must be commenced by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon.”
Section 2305.17. “An action is commenced within the meaning of Sections 2305.03' to 2305.22, inclusive * * * as to each defendant, at the date of the summons which is served on him « • «
“Within the meaning of such sections an attempt to commence an action is equivalent to commencement, when the party diligently endeavors to procure a service, if such attempt is followed by service within 60 days.”
Section 2703.02. “The plaintiff shall also file with the clerk of the court a praecipe stating therein the names of the parties to the action, and if it is for the recovery of money only, the amount for which judgment is asked, and demanding that a summons issue.” (Emphasis added.)
Section 2703.03. “The summons must be issued and signed *501 by the clerk, and be under the seal of the court from which it is issued. The style shall be: ‘The State of Ohio ....... county,’ and it must be dated the day it is issued. It shall be directed to the sheriff of the county, who shall be commanded therein to notify the defendant that he has been sued * * (Emphasis added.)
Section 2303.13. “The Clerk of the Court of Common Pleas shall enter upon the appearance docket at the time of the commencement of an action or proceeding, the names of the parties * * #. _¿y j-pg yme y 0CClirs and under the date so docketed, he shall also enter the issue of the summons or other mesne process or order * * (Emphasis added.)
Section 2303.26. “ * * * in the performance of his duties he [the clerk] shall be under the direction of his court.”
Boss, Sheriff, v. Willet, 54 Ohio St., 150, was a proceeding under the long-since repealed chapter on “Jurisdiction and Procedure in Error” (Sections 6707 to 6740, inclusive, Revised Statutes). Willet, plaintiff in error, made a mistake in his praecipe in the Court of Appeals. He issued the service to the wrong official, which nullified the summons. The period of the statute of limitations expired before plaintiff in error discovered the mistake. The defendant in error filed a motion to quash the faulty service of summons, which was sustained. The next day another summons was issued. This was after the expiration of the period of the statute of limitations. A motion to quash that summons was filed. That motion was overruled. The court in a per curiam opinion spoke as follows, at page 152:
“ * * * the ineffectual service was the result of his own mistake, but there are provisions of the Code which were designed to relieve parties from the harsh consequences of mistakes made in proceedings under it, by permitting their timely correction # * # J?
However, in Baltimore & Ohio Bd. Co. v. Ambach, 55 Ohio St., 553, the court took a different view, stating the law in the syllabus:
“To bring a case within the saving provisions of Section 4988, Revised Statutes [now Section 2305.17, Revised Code], a summons must be caused to be issued before the expiration of *502 the statute of limitations governing the cause of action.” (Emphasis added.)
The potential injustice of this rule may be demonstrated. A clerk may be forgetful or careless and as a result fail to issue summons until too late. In these days of congested population, a clerk has many deputies. The clerk’s office in a populous county has a huge number of filings to make, records to. maintain, and other paperwork. A deputy may for one reason or another fail to cause the issuance of summons and thereby preclude a plaintiff from having his day in court. A clerk or a deputy may have a personal feeling against some attorney, and a rule such as that in the Ambach case might well afford an opportunity to vent such feeling.
The case of McLarren v. Myers, Admr., 87 Ohio St., 88, presented a fact pattern demonstrating the unreasonableness and harshness of the rule laid down in the Ambach case, supra.
The salient facts there were as follow:
The period of the statute of limitations in the McLarren case expired on August 23, 1910. The petition in error and praecipe for the issuance of summons in error were filed in the clerk’s office in Wayne County on August 12th. Plaintiff in error’s attorney resided in Columbus. On August 19th, the attorney called the clerk by long distance telephone and urged the issuance of the summons, advising the clerk of the approach of the end of the limitation period. The clerk gave assurance that he would attend to the issuance of the summons and advise counsel. Not hearing from the clerk, the attorney went to Wooster, county seat of Wayne County, on August 23rd, and found that the clerk had not yet issued the summons. He told the clerk that the summons must issue that day — August 23rd— as it was the final day of the period of the statute of limitations. The clerk said he was busy with other official work but he would “attend to it” that day. What more could the attorney have done short of resort to violence? He had filed with the clerk a process “demanding” that the clerk issue the summons. He had on at least two occasions orally urged the clerk to issue the summons, but to no avail. The period of the statute of limitations ended and the clerk had failed to issue the summons until *503 August 27th, three days after the period of the statute of limitations ended.
The action was dismissed by the Court of Appeals, and its judgment was affirmed by this court. In the syllabus, this court said in part:
“The burden of causing a summons in error to be issued in an error proceeding is imposed by law on the plaintiff in GITOI* ^ 5 ?
It might be well to observe here that the statutes presently controlling the commencement of actions governed the former error proceedings. (Section 6713, Revised Statutes.)
Armbruster, Admr., v. Harrison, 116 Ohio St., 490, approved and followed Boss, Sheriff, v. Willet, supra. In the Armbruster case the summons was issued on February 18, 1926, and service made by the sheriff on the same day. The service was defectively made and a motion to quash such service was heard and sustained on April 2, 1926. On the same day, an alias summons was issued, and the return made on April 3rd showed a proper and sufficient service. This was after the expiration of the period of the statute of limitations. On April 30th, the defendant filed another motion to quash the alias summons on the ground that the action was barred by the statute of limitations. That motion was overruled.
Zakrzewski v. Lenczycki, 129 Ohio St., 462, approved and followed McLarren v. Myers, supra, without written opinion.
Section 2703.01, Revised Code, requires two affirmative acts on the part of the plaintiff: (1) The filing of a petition, and (2) the doing of an act “causing a summons to be issued thereon.”
The act “causing a summons to be issued” is the filing of a praecipe with the clerk as provided in Section 2703.02, Revised Code, requiring the giving of certain information and “demanding that a summons issue.”
The filing of the praecipe causes the issuance of summons referred to in Section 2703.01, Revised Code.
The clerk is not controlled by the statute of limitations in the performance of his duties nor is he empowered by statute to exercise any control over its operation and effect. He, in the performance of his dnties, is required to issue the summons *504 to the sheriff and enter on the summons “the day it is issued.” (Section 2703.03, Revised Code.)
The plaintiff at bar complied with the statute controlling the commencement of an action as to him. The summons was served as provided by law. The Court of Common Pleas erred to the prejudice of plaintiff by sustaining the motion to dismiss, and the Court of Appeals erred in affirming the judgment of the Court of Common Pleas.
Baltimore & Ohio Rd. Co. v. Ambach, 55 Ohio St., 553, McLarren v. Myers, Admr., 87 Ohio St., 88, and Zakrzewski v. Lenczycki, 129 Ohio St., 462, being inconsistent with the holding herein, are overruled.
The judgments of the Court of Common Pleas and of the Court of Appeals must be reversed and the cause remanded to the Court of Common Pleas for further proceedings.

Judgments reversed.

Taft, C. J., Matthias, O’Neill and Gibson, JJ., concur.
Zimmerman and Griffith, JJ., dissent.