Zimmerman, J.,
dissenting. No one should be denied unreasonably or arbitrarily the assertion of a cause of action. However, there are statutes of limitation prescribing the time within which an action must be brought, and those statutes are entitled to recognition and enforcement. Time may be made and often is made the very essence in the performance or nonperformance of an act. The causes of action herein arose on January 20, 1959, and were governed by the two-year statute of limitations contained in Section 2305.10, Revised Code. The petitions setting out the causes of action were filed in the office of the Clerk of the Court of Common Pleas of Hancock County on the late afternoon of Friday, January 20, 1961. Attached to the petitions were praecipes for summonses. In the absence of information to that effect, the clerk may not be charged with knowledge that the time for bringing the actions was about to expire. Summonses on the petitions were duly issued and delivered to the sheriff on Monday, January 23, 1961, and were served on the defendant two days later. It would appear that *505 proper diligence on the part of those seeking redress would have insured the issuance of the summonses and the placing of the same in the hands of the sheriff on the day the petitions were filed, and this should have been done.
It has been the established law in this state for a long time that a summons for a defendant must be issued before the expiration of the time fixed by the statute of limitations governing the cause of action. The saving provisions of Section 2305.17, Eevised Code, relate to the service of a summons, and, before the diligent endeavor referred to in that section may be taken advantage of to escape the bar of the statute of limitations, it is essential that the issuance of the summons occur prior to the expiration of the period fixed by the limitation statute. Such is the express holding in the eases of Baltimore & Ohio Rd. Co. v. Ambach, 55 Ohio St., 553, 45 N. E., 719, and McLarren v. Myers, Admr., 87 Ohio St., 88, 100 N. E., 121. Those cases have frequently been cited and followed over the years.
It is to be noted that in the cases of Ross, Sheriff, v. Willet, 54 Ohio St., 150, 42 N. E., 697, and Armbruster, Admr., v. Harrison, 116 Ohio St., 490, 157 N. E., 391, summonses, although defectively directed or served, were in fact issued before the applicable statutes of limitation had run. Thus, a timely attempt to commence the actions was made. Here, no summonses at all, defective or otherwise, were issued until after the statute of limitations had become operative to preclude the prosecution of the actions, and the appellants are not in a position to claim the benefit conferred by Section 2305.17, Eevised Code.
If the General Assembly was dissatisfied with the interpretation and application given by this court to the statutes involved, it has had ample time and opportunity to remedy the situation. In my view, the majority opinion represents a startling departure from the law as established and recognized in Ohio for nearly 100 years. See Robinson v. Orr, 16 Ohio St., 284. I would, therefore, affirm the judgments of the Court of Appeals herein.
Griffith, J., concurs in the foregoing dissenting opinion.