THOMPSON, APPELLANT, *v.* HORVATH ET AL., APPELLEES.

[Cite as Thompson v. Horvath, 7 Ohio App. 2d 69.]

(No. 8154—Decided July 19, 1966.)

*Mr. George E. Tyack, Mr. Paul A. Scott* and *Mr. Howard F. Wehr* for appellant.

*Messrs. Dresbach, Crabbe, Newlon, Bilger, Brown & Jones* and *Mr. James L. Graham* for appellees.

DUFFEY, J. This is an appeal from a judgment of the Common Pleas Court of Franklin County dismissing the plaintiff-appellant's petition. The court found that personal jurisdiction was not obtained prior to the expiration of the statute of limitations for personal injury. Appellant contends that the two-year period was tolled because the appellee corporation had "concealed" itself within the meaning of Section 2305.15, Revised Code, the so-called "saving clause" statute.

At the time of appellant's injury, appellee corporation was doing business in Franklin County. Within the two-year period, the corporation sold all of its assets. The president, secretary and statutory agent moved out of the state, taking all funds with them. No further business was carried on, and the corporation ceased to have any place of business. The only person associated with the corporation still left in the state was the treasurer, who resided at all times in Cuyahoga County.

Section 2305.15, Revised Code, provides:

"When a cause of action accrues against a person, if he is out of the state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in Sections 2305.04 to 2305.14, inclusive, and Sections 1302.98 and 1304.29 of the Revised Code, does not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought."

A corporation is a "person" within the meaning of the statute. *Moss* v. *Standard Drug Co.* (1953), 159 Ohio St. 464. The remaining issue is whether on these facts it can be said to have absconded or concealed itself. Appellee contends that there were four ways that appellant could have obtained personal jurisdiction over the corporation after the sale and removal of the officers and assets.

It is first contended that an action could have been commenced in Cuyahoga County, with service upon the corporation's treasurer at his personal residence. However, venue did not lie in Cuyahoga County under Section 2307.36, Revised Code. A treasurer as such is not a "chief officer" within that statute. Compare Section 2703.10, Revised Code. Neither is he an "agent," *i. e.*, a statutory agent or a managing agent.

Appellee also argues that an action could have been commenced in Franklin County, with process issued for service on the treasurer at his residence in Cuyahoga County. This out-of-county service is clearly not permitted on these facts under present Ohio law.

Third, appellee contends that an action could have been

commenced in Franklin County, with service upon the statutory agent by leaving the process at the address registered with the Secretary of State, despite the fact that the agent had removed himself from the state and no longer resided at that address. Such a position is untenable. See Section 1701.07 (H), Revised Code.

Finally, appellee points out that the action could have been commenced by substituted service on the Secretary of State under Section 1701.07 (H), Revised Code. This is, of course, conceded by the appellant and is the method eventually used after the expiration of the original time period. We think it also clear that substituted service is a right in addition to the protection of the "saving clause" statute, and the existence of the ability to so accomplish service does not prevent the tolling of the limitations.

The availability of substituted service under the nonresident motorist statute does not affect the tolling of limitations. *Couts* v. *Rose* (1950), 152 Ohio St. 458. The same principle is apparent in *Commonwealth Loan Co.* v. *Firestine* (1947), 148 Ohio St. 133. A recent federal case involving Ohio law is that of *Chamberlain* v. *Lowe*, 252 F. 2d 563. We can see no basis to distinguish substituted service under Section 1701.07, Revised Code, from that under the nonresident motorist statute.

Appellee's position presents a very persuasive argument for an amendment to the "saving clause" statute. At the time of its adoption, concepts of personal jurisdiction were derived from the famous case of *Pennoyer* v. *Neff* (1877), 95 U. S. 714, 24 L. Ed. 565. That case relied heavily upon the ability to obtain personal service within geographical jurisdiction as the basis of personal jurisdiction. On such an analysis, personal service within the state was virtually coextensive with the capacity to obtain personal jurisdiction. The "saving clause" statutes in Ohio and many states reflect that analysis by tying tolling to acts which prevent personal service rather than to the capacity to bring a defendant within the personal jurisdiction of the court.

The later acceptance of substituted service under nonresident motorist statutes, the development of "significant act" doctrines and the advent of "long-arm" statutes have made the

72

personal service basis of our tolling statute an anachronism. If the defendant is capable of being brought within the court's personal jurisdiction and subjected to a personal judgment, there would seem to be little justification for an extension of the limitation period. The fact that such a defendant is out of state or his personal whereabouts unknown is no longer significant.

However, while appellee may have pointed up a deficiency in our legal structure, the appeal also points up the separation of powers and the difference in function between courts and legislatures. While the statute may reflect a historical situation, it is a statute. Its amendment is for the Legislature.

We find that the statute of limitations was tolled by the corporation's acts which prevented personal service of process in any manner authorized by Ohio law other than that under Section 1701.07, Revised Code. Accordingly, the action was timely and it was error to dismiss the petition.

The judgment of the Common Pleas Court will be reversed and the cause remanded for further proceeding.

*Judgment reversed.*

BRYANT, P. J., and DUFFY, J., concur.